# THE SUPREME COURT

OF

# PENNSYLVANIA.

| 115 | 107 |
| 138 | 156 |
| 115 | 107 |
| 147 | 366 |
| 115 | 107 |
| 154 | 329 |
| 115 | 107 |
| c 27 SC | 219 |

EASTERN DISTRICT—PHILADELPHIA, 1887.

## Tasker *versus* Sheldon.

1. The Act of April 9th, 1849, P. L. 533, vests in a defendant in execution issued on a judgment obtained on a contract and distress for rent, an absolute right to have an exemption of his property to the value of $300, and of this he cannot be deprived by the summary action of a court. He may voluntarily waive this right, or he may lose it by neglecting to claim it in proper time; otherwise if he demands of the officer levying the execution or distress for rent an appraisement, and it is refused, that officer must take upon himself the responsibility of such refusal.

2. Whether the defendant in an execution has waived his right to exemption or forfeited it by neglect or deprived himself of it for any reason depends upon questions of fact to be determined by a jury, unless such facts are admitted by record, the court cannot pass upon them in a summary manner and thus deprive the defendant of the right to demand exemption, and upon the neglect or refusal of the officer to comply with the demand to assert that right in an action at law.

3. A writ of error brings up only the record and such matters as may be embraced in a bill of exceptions. The evidence in a case unless brought upon the record by a bill of exceptions cannot be considered by the Supreme Court.

January 3d, 1887. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas No. 2, of *Philadelphia county:* Of January Term 1886, No. 198.

Assumpsit by D. Sheldon against Charles P. Tasker on the following instrument in writing:

[Tasker *v.* Sheldon.]

PHILADELPHIA, October 13th, 1885.
SPRING GARDEN BANK,
"Pay to the order of D. Sheldon one hundred and fifty dollars ($150).
[Signed]    CHARLES P. TASKER.
"Endorsed, D. Sheldon.
"D. WEBSTER DOUGHERTY.
"*Attorney for Plaintiff.*"

Judgment was entered for want of an affidavit of defence, and damages assessed at $150.93.

A writ of *fieri facias* was issued on the same, and a levy made on the household furniture of the defendant in his dwelling house. In the absence of defendant, his wife made demand of the sheriff for the exemption of $300 worth of goods from levy and sale. The sheriff thereupon made an appraisement of the goods. The goods so appraised, valued at $214.55, were set apart as the possession of the defendant's wife.

The plaintiff's attorney thereupon filed the following exceptions to the appraisement.

1. Because, at the time and after the issuing of a writ of *fi. fa.* in the above case, the defendant or his agents moved or caused to be moved from his residence, No. 1126 South Broad street, goods and chattels more than sufficient to have paid the judgment and costs of plaintiff in above case after the allowance of the claim of defendant for exemption of $300 worth of his goods.

2. Because, as appears by the return of the sheriff and schedule thereto annexed to a certain writ of attachment against the above defendant, issued out of the Court of Common Pleas No. 1, of September Term, 1885, No. 149, which attachment was only dissolved on the day of the issuing of the writ of *fi. fa.* in this case, that defendant was possessed of more than sufficient property to satisfy plaintiff's judgment and costs after the allowance of his claim for exemption.

3. Because defendant has fraudulently removed from his residence and secreted more than sufficient goods and chattels to pay the judgment and costs in the above case after the allowance of his claim for exemption.

4. Because it appears by the return of the sheriff and the schedule thereto annexed to the writ of attachment, issued against the above named defendant out of the Court of Common Pleas No. 1, of September Term, 1885, No. 149, that defendant is possessed of goods and chattels more than sufficient to satisfy the judgment and costs in this suit after the allowance of defendant's claim of exemption.

[Tasker v. Sheldon.]

5. Because, at the time of the issuing of the *fi. fa.* in this case and continuously since, the defendant was a fugitive from justice and beyond the jursidiction of Pennsylvania, and, therefore, not entitled to claim the exemption.

Depositions were taken in support of these exceptions. After hearing the court sustained the exceptions and disallowed the exemption.

The defendant thereupon took this writ, and assigned for error the action of the court in sustaining the exceptions and disallowing the exemption.

*Henry S. Cattell,* (*J. Cooke Longstreth* with him,) for plaintiff in error.—The general rule is also, that when, in a common law or statutory proceeding, an attack is made under an allegation of fraud, fraud should not be found by the court except on the verdict of a jury: Humphreys *v.* Rhawn, 8 Watts, 80; Gallup *v.* Reynolds, 8 Id., 424; Brackett *v.* Watkins, 21 Wend., 68.

A fugitive from justice or a convict is not deprived of the right of exemption. That the debtor had perpetrated a fraud upon another creditor will not deprive him of the right of exemption. The right does not depend upon merit, character, reputation or virtue: Moseley *v.* Henderson, 40 Miss., 49; Wilson *v.* McElroy, 8 Casey, 82; Myrtel *v.* Draper, 21 Mo., 510; Emmerson *v.* Smith, 51 Pa. St., 90.

There was no proof of fraudulent removal of the defendant's goods. That he had other goods than those levied on does not deprive him of the right of exemption: McCarthy's Appeal, 68 Pa. St., 220; Shaw's Appeal, 49 Pa. St., 191.

*D. Webster Dougherty,* for defendant in error.—The learned counsel for plaintiff in error has gone into the question as to whether or not the facts on which the court below acted warranted it in setting aside the appraisement.

It is respectfully submitted, however, that these facts are not properly before the court: Calhoun *v.* Logan, 10 Harris, 46; Rogers *v.* Ratcliffe, 23 Pa. St., 184; Spear *v.* Jameson, 2 S. & R., 532; Miller *v.* Herskey, 9 P. F. S., 67; Sugar Creek *v.* Washington, 62 Id., 479; Byrne *v.* Grossman, 65 Pa. St., 310; Thomas *v.* Bradfield, 15 Leg. Int., 165.

It therefore being established by the authorities cited above that the facts on which the court below based its action are not judicially before this court, it must be assumed that those facts were sufficient to justify it in setting aside the appraisement.

The only question, therefore, raised by the record in this case is:

[Tasker *v.* Sheldon.]

Had the court below the power to set aside the appraisement?

That the courts of Common Pleas have exercised this power, will be seen by reference to Huddy *v.* Sproule, 4 Phila., 353; Norris *v.* Town, 1 W. N. C., 51; Sleeper *v.* Nicholson, 5 Clark, 163, and Staples *v.* Wells, 2 W. N. C., 139; Sleeper *v.* Nicholson, 5 Clark, 163; Siebert's Appeal, 23 P. F. S., 361; Coleman's Appeal, 90 Pa. St., 254.

The defendant was guilty of such fraud in removing his goods and concealing them, that he was not entitled to the benefits of the Act allowing exemption: Heely's Appeal, 5 Casey, 220; Freeman *v.* Smith, 6 Casey, 266; Strouse's Executors *v.* Beck, 2 Wright, 192; Deffindorfer *v.* Fisher, 3 Grant, 32; Smith *v.* Emerson, 7 Wright, 460; Smith *v.* Emerson, 1 P. F. S., 90.

Mr. Justice GORDON delivered the opinion of the court, January 10th, 1887.

The Act of the 9th of April, 1848, vests in a defendant in execution, issued on a judgment obtained on a contract and distress for rent, an absolute right to have an exemption of his property to the value of three hundred dollars, and of this he cannot be deprived by the summary action of a court. He may voluntarily waive this right, or he may lose it by neglecting to claim it in the proper time, otherwise, if he demands of the officer levying the execution or distress for rent an appraisement, and it is refused, that officer must take upon himself the responsibility of such refusal: Freeman *v.* Smith, 30 Pa. St., 264.

That the case in hand comes within the Act is not denied, neither did the sheriff refuse to perform, or neglect his duty. The appraisement was regularly made, and the goods were delivered to the defendant, but on exceptions filed to the appraisement, the court not only set it aside, but passed upon and disallowed the right of exemption. This action was in excess of its jurisdiction. It undoubtedly had the power, for any proper reason, to set aside the appraisement even though it might become necessary to pass incidentally upon the right itself: Seibert's Ap., 73 Pa. St., 359. But beyond this the summary power of the court could not extend; the defendant cannot thus be deprived of the right to demand the exemption, and, upon the neglect or refusal of the officer to comply with that demand, to assert that right by an action at law. Now, whether the appraisement was properly or improperly set aside can be determined only by the record before us, for as there is no bill of exceptions we are not at liberty to consider the evidence. We may say, however, that it has not been made to appear affirm-

[Tasker *v.* Sheldon.]

atively that the court's action was founded upon any reason which would support its summary jurisdiction; as that, from the nature of the action, the defendant had not the right claimed; that there was a waiver, or that this right was not asserted by the proper party; that the demand for the appraisement was not made in time, or that there was fraud or misbehavior in the holding of the appraisement. On the other hand, it appears by the record, that the court sustained the plaintiff's exceptions, and, as a consequence, the exemption was disallowed. But on turning to those exceptions we find in them nothing which warranted the action of the court. The first alleges the removal of some of the defendant's goods and chattels from his residence at No. 1126 South Broad street, in value more than sufficient to have paid the plaintiff's judgment and costs in addition to the exemption. But in this there is no allegation of either fraud or concealment, and we need not say that the removal of goods, without more, would not defeat the defendant's right. The second and fourth exceptions assert, in effect, that the defendant had in his possession goods sufficient as well to satisfy the plaintiff's writ as to meet the claim of exemption. But these are of themselves clearly good for nothing, for if the fact were as stated, there does not appear to have been anything in the way of a satisfaction of the plaintiff's writ. The third and fifth allege a fraudulent removal and secretion of the goods, and charge the defendant with being a fugitive from justice, and, therefore, not entitled to the benefit of the Exemption Law. But, it will be seen, that what is here charged strikes at the right itself, and unless the facts alleged were admitted of record, the court could not assume the prerogative of a jury, and pass upon them in a summary manner. It was the plaintiff's business to run the risk of an assumption of this kind by indemnifying the sheriff, and directing him to proceed to sell the goods, and it was certainly not the business of the court to relieve him from that risk by attempting to pass upon the defendant's right without the intervention of a jury.

The order disallowing the exemption is reversed and the appraisement confirmed.