# Finch, Appellant, *v.* Conrade's Executor.

*Practice, C. P.—Effect of refusal to take off nonsuit.*

A refusal to take off a nonsuit is equivalent to a judgment for defendant on demurrer to plaintiff's evidence, except that, in case of reversal, instead of entering judgment for plaintiff in the Supreme Court, the record must be remitted with a procedendo.

In testing the correctness of the action of the court in refusing to take off a nonsuit, the plaintiff, as in the case of judgment for defendant on demurrer to evidence, is entitled to the benefit of every fact and inference of fact which might have been fairly found by the jury or drawn by them from the evidence before them.

*Practice, Supreme Court—Record—Exceptions.*

There are but three modes in which facts arising from the evidence can find their way into the record: (1) By the finding of a jury, which is a special verdict; (2) by agreement of the parties, called a case stated; and (3) by the certificate of the court contained in a bill of exceptions.

*Exception to refusal to take off nonsuit.*

Where there is no bill of exceptions to the order of the court below refusing to take off a nonsuit, the Supreme Court is not at liberty to look at the evidence.

*Failure to print pleadings in paper book.*

On appeal from order refusing to take off nonsuit, it is vitally important that appellant's paper book should contain " the pleadings in full," as required by rule XVII.

*Prixcipal and agent—Sale of real estate—Public policy.*

It is a rule of public policy that an agent employed to sell cannot make himself the purchaser; and, if employed to purchase, cannot himself become the seller. This rule should be rigidly enforced unless it clearly appears that the parties for whose protection it was intended, have, with full knowledge of all the circumstances, agreed to waive their rights thereunder.

Plaintiff, an agent for the sale of real estate, was furnished by his principal with the lowest price and terms on which the property should be sold. He communicated this information to a proposed purchaser, and entered into an agreement with him by which they were to purchase the property jointly. Part of the agreement was that plaintiff should apply his commissions for procuring the purchaser, in part payment of the interest he was to have in the purchase, and that he should afterwards operate the stone quarry on the property for the joint account of the purchaser and himself. *Held*, that the owner of the property was not obliged to carry out his agent's agreement to sell, and that the agent was not entitled to his commissions.

Argued March 31, 1893.   Appeal, No. 227, Jan. T., 1893, by plaintiff, George W. Finch, from judgment of C. P. No. 2, Phila. Co., Sept., T., 1890, No. 587, refusing to take off nonsuit in action against Thos. A. Redding, David Conrade's executor. Before Sterrett, C. J., Green, McCollum, Mitchell and Dean, JJ.

Assumpsit for commissions for sale of real estate.

At the trial, before Hare, P. J., the evidence was to the effect that David Conrade, defendant's testator, had employed plaintiff to sell a certain quarry property. He told plaintiff the property ought to bring $20,000, but he could take $16,000 for it. He also instructed him as to the terms of the payment, and agreed to pay $1,000 to plaintiff, if he should sell the property. Plaintiff communicated the lowest price and terms on which Conrade would sell, to David C. Cleaver, and entered into an agreement with Cleaver, by which they were to purchase the property jointly. It was also agreed between plaintiff and Cleaver that plaintiff should apply his commissions, in part payment of the interest he was to have in the purchase, and should afterwards operate the stone quarries for the joint account of Cleaver and himself. Conrade refused to carry out the agreement, or to pay the commissions.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*W. A. Manderson,* for appellant, cited: Shepler v. Scott, 85 Pa. 329; Clendenon v. Pancoast, 75 Pa. 213; Reed's Ex'rs v. Reed, 82 Pa. 420.

*Charles Henry Hart,* for appellee, not heard, cited: Keys v. Johnson, 68 Pa. 42; Pratt v. Patterson, 112 Pa. 475; Harvey v. Turner, 4 Rawle, 229; Reid v. Stanley, 6 W. & S. 369; Wingate v. Mechanics' Bank, 10 Pa. 109; Persch v. Quiggle, 57 Pa. 249; Singer v. McCormick, 4 W. & S. 265; Everhart v. Searle, 71 Pa. 256; Reed v. Reed, 82 Pa. 421; Campbell v. Pa. Ins. Co., 2 Whart. 53; P. R. R. v. Flanigan, 112 Pa. 558.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 17, 1893:

This case hinges on the single question whether the court below erred in refusing to take off the judgment of nonsuit.

As a principle of practice, it is well settled that such refusal is tantamount to a judgment for defendant on demurrer to plaintiff's evidence, except that, in case of reversal, instead of entering judgment for plaintiff here, the record must be remitted with a procedendo. But that does not affect the principle resulting from the motion for nonsuit, viz.: that, in testing the correctness of the court's refusal to take off the nonsuit, the plaintiff, as in the case of judgment for defendant on demurrer to evidence, is entitled to the benefit of every fact and inference of fact which might have been fairly found by the jury, or drawn by them from the evidence before them; in other words, the motion for a compulsory nonsuit necessarily implies an admission of every fact which might have been fairly found by the jury from plaintiff's evidence: Hill v. Trust Co., 108 Pa. 1, 3; Hineman v. Matthews, 138 Pa. 204; Miller v. Bealer, 100 Pa. 583; Maynes v. Atwater, 88 Pa. 496; Jacques v. Fourthman, 137 Pa. 428; Bondz v. Penna. Co., 138 Pa. 153; Borough of Easton v. Neff, 102 Pa. 477.

In applying that test, however, it is obviously necessary that not only the plaintiff's statement of claim and the issues raised by the pleadings should be properly on the record before us but also the testimony introduced by him in support thereof.

As to the testimony, the only way in which it can be made part of the record is by excepting to the refusal of the court to take off the nonsuit: Bondz v. Penna Co., supra; Borough of Easton v. Neff, 102 Pa. 477. In the former case, Mr. Chief Justice PAXSON, after noting the fact that the only error assigned was refusal to take off the nonsuit, says: " Unfortunately for the plaintiff there is no exception to this refusal. This may seem unimportant, but in point of fact it is vital. The plain reason is that without such exception the evidence is not and cannot come before us. Without the evidence, it is impossible for us to say whether the nonsuit was properly entered. The office of an exception, as we have repeatedly said, is to bring upon the record something which, without an exception, forms no part of it. The notes of trial taken below constitute no part of the record, unless made so in the manner pointed out by law."

After quoting from Miller v. Hershey, 59 Pa. 64,—wherein it is said, " There are but three modes in which facts arising upon the evidence can find their way into the record : by the finding of a jury, which is a special verdict; by the agreement of the parties, called a case stated ; and by the certificate of the court contained in a bill of exceptions,"—he proceeds to say : " An exception brings up so much of the evidence as bears upon the particular exception. Where there is a nonsuit, an exception to the refusal of the court to take it off brings up the whole of the evidence, for the reason that we must consider all the plaintiff's evidence to determine whether the nonsuit was properly entered. Hence the value of a bill of exceptions. It determines precisely what the evidence was. . . . Where there is no bill of exceptions, we are not at liberty to look at the evidence: Tasker v. Sheldon, 115 Pa. 107."

In this case, the learned counsel for plaintiff has furnished us with what purports to be the testimony, but it does not appear from copy of docket entries or otherwise that any exception was taken to the refusal of the court to take off the nonsuit; and hence it follows that the testimony relied on is not properly before us. Nor have we before us the plaintiff's statement of claim, or the pleadings, as required by rules of court. Rule XVII provides that appellant's paper book shall contain, among ther things, " An abstract of the proceedings, showing the

issue, and how it was made;" "An appendix, containing the evidence, and, if necessary, the pleadings in full." Where, as in this case, the sole subject of complaint is refusal to take off the nonsuit, these matters are vitally important.

But, waiving the omissions referred to, and assuming, for argument sake only, that everything required by rules of court is properly before us, we think, on the merits of the case, the judgment should be affirmed.

The testimony shows that in procuring a purchaser for Mr. Conrade's property, plaintiff undertook to serve himself rather than his employer. After being furnished by the latter with lowest price and terms on which he would sell, etc., he communicated the same to Mr. Cleaver, and entered into an agreement with him by which they were to purchase the property jointly. Part of that agreement was that plaintiff should apply his commissions, for procuring a purchaser, to part payment of the interest he was to have in the purchase, and should afterwards operate the stone quarries for joint account of Cleaver and himself. It is not at all surprising that plaintiff's employer, upon being informed of the arrangement, manifested displeasure, accused him of bad faith, etc., and refused to convey. As Conrade's agent, specially employed by him to procure a purchaser for the property, the undisputed evidence shows that plaintiff acted in bad faith to his employer; and, in the circumstances, the latter was not bound to carry out the agreement between him and Cleaver. It is a fundamental rule, applicable to both sales and purchases, that an agent employed to sell cannot make himself the purchaser; nor, if employed to purchase, can he become the seller. This familiar principle is recognized in many cases, among which are Everhart v. Searle, 71 Pa. 256; Railroad Co. v. Flanigan, 112 Pa. 558; Rice v. Davis, 136 Pa. 439. In the latter it was said: "The principle . . . . that an agent for the sale of property cannot at the same time act as agent for the purchase thereof, or interest himself therein, and thus entitle himself to compensation from both vendor and vendee, is grounded on the infallible declaration that 'no man can serve two masters.' As a rule of public policy it is distinctly recognized in our text books on agency and numerous adjudicated cases. . . . . It forbids that any one intrusted with the interests of others shall in any manner make the business

an object of personal interest to himself, because, from a frailty of nature, one who has the power will be too readily seized with the inclination to use the opportunity for serving his own interests at the expense of the principal. . . . . It matters not that no fraud was meditated, and no injury done. The rule was not intended to be remedial of actual wrong, but preventive of the possibility of it." Such rules of public policy should be rigidly enforced unless it clearly appears that the parties for whose protection they were intended, have, with full knowledge of all the circumstances, agreed to waive their rights thereunder.

The undisputed testimony brings the plaintiff's case within the condemnation of the rule above referred to. The nonsuit was therefore rightly entered, and there was no error in refusing to take it off.

Judgment affirmed.