## Linderman, Appellant, v. McKenna.

*Principal and agent—Real estate broker—Commissions—Fraud.*

Where a real estate broker is employed to effect a sale of real estate at a fixed price for a named condition, and, without informing his employers, makes a like contract with the prospective purchaser, he is not entitled to recover commissions from the sellers.

Argued April 18, 1902.  Appeal, No. 108, April T., 1902, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1900, No. 343, on verdict for defendants in case of Charles B. Linderman v. Mary McKenna and Ann Eliza Pitfield.  Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ.  Affirmed.

Assumpsit to recover commissions for the sale of real estate. Before Stowe, P. J.

The facts appear by the opinion of the Superior Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.  Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*A. L. & Charles Large*, for appellant.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellee.

Opinion by Orlady, J., May 22, 1902:

The plaintiff alleges in his statement of claim that he "undertook to sell certain real estate belonging to the defendants for the sum of $60,000 and was to receive therefor the sum of $1,200 for his services," and that, as an acknowledgment for services in procuring the purchasers for said property, the defendants promised in writing to pay said amount "for his services in selling" the property.  Payment of commissions was refused for the reason that, after the written promise to pay was made by the defendants, they discovered that the plaintiff was receiving or had contracted to receive commissions

from both vendor and vendee. The plaintiff's contention is that he was no more than a middleman in bringing the parties together and held a neutral position between them in the matter. His testimony cannot be so interpreted. He admits his employment by the defendants to effect a sale of their property at a fixed price for a named commission, and that without informing them of the fact, he made a like contract with the prospective purchaser. He placed himself in the doubtful position of being active for each and claims that he was the immediate and efficient cause in effecting the sale or at least in bringing the two parties together. His exact relation to McNiell & Pyle is not clearly defined further than that he had a secret agreement with them for commissions on the sale of the defendants' property, which is fatal to his claim in this case. The defendants had a right to repose special trust and confidence in him as their agent, and, under our decisions, he owed to them the utmost good faith, which required him to keep them fully apprised of every fact and circumstance relating to the business or to their interest. No broker, agent or middleman can recover for services which uncover double dealing and a secret agreement with one of the principals. By whatever name the confidential relation is known, perfect good faith must be shown to warrant a recovery for the services: Singer v. McCormick, 4 W. & S. 265; Everhart v. Searle, 71 Pa. 256; Pratt v. Patterson, 112 Pa. 475; Wilkinson v. McCullough, 196 Pa. 205.

The learned trial judge gave binding instructions to the jury to find for the defendants and the judgment is affirmed.