## Girts v. Shaw, Appellant.

*Real estate brokers—Principal and agent—Commissions—Serving two masters.*

A real estate broker may recover commissions from the vendor who had agreed to pay him the commissions with full knowledge of the fact that the broker also represented the vendee.

In such a case where the court has admitted testimony without objection as to the usual rate of brokers' commissions, it is not reversible error to permit another witness to testify as to the rate of commissions.

Argued April 18, 1918. Appeal, No. 137, April T., 1918, by defendant, from judgment of C. P. Westmoreland Co., Nov. T., 1916, No. 561, on verdict for plaintiff in case of J. T. Girts and L. C. Girts, trading as J. T. & L. C. Girts, v. H. S. Shaw. Before ORLADY, P. J., POR-

TER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover commissions for the sale of real estate. Before COPELAND, P. J., specially presiding.

At the trial when Harry C. Walley was on the stand he was asked this question:

"Q. Along about the 10th of December, 1914, what was the usual and customary commission for real estate agents for selling property of the value of $6,500?

"By Mr. Kline: We object for the reason that we do not think there was any fixed compensation and that it does not enter into this case.

"By the Court: If there was no agreement as to what he was to pay and he agreed to pay him then he would be entitled to what the services were reasonably worth and according to what they ordinarily pay for such transactions in that community. Objection overruled; exception noted. (1)

"A. The usual commission was 3% on sales of that nature."

The court charged in part as follows:

["Now, it was said by counsel here in his argument to the jury that the plaintiff was in the employ of two masters and cannot recover. Well, as an abstract proposition that is true, but that is not a binding rule. That rule can be varied, as we read now to you:

"'It is a rule of public policy that an agent for the sale of property cannot at the same time act as agent for the purchaser thereof or interest himself therein and thus become entitled to commission from both the vendor and the vendee. This rule may be waived by an express agreement between the parties.'

"So you see that, as a general proposition, that is true, or where the agent represents both the seller and the purchaser, or the vendor and the vendee, he is not entitled to recover unless there is some understanding, express or implied, that there is a commission to be paid. There-

345, (1918).] Charge of Court below—Opinion of the Court.

fore, just simply because the plaintiff here might have been an agent for the vendee of this property there is not any reason why he could not recover from the defendant in this case what his services reasonably were worth and ordinarily paid for like services rendered in this case. That is, providing that the defendant here employed him with the knowledge that he was employed as agent for the vendee of the property. As we already have said to you, there is just one thing in this case for you to determine in order to entitle the plaintiff to recover, and that is: Was this plaintiff employed by the defendant? If you decide he was not employed then that ends this case and your verdict should be for the defendant. If you decide he was employed with the understanding that he was to receive a commission then the defendant is entitled to recover whatever the services reasonably were worth."]    (2)

Verdict and judgment for plaintiff for $201.54. Defendant appealed.

*Errors assigned* were (1) ruling on evidence quoting the bill of exceptions; (2) portion of charge as above quoting it.

*John E. Kunkle,* with him *B. R. Kline,* for appellant, cited: Wilkinson v. McCullough, 196 Pa. 205; Rich v. Black, 173 Pa. 92.

*Robert W. Smith,* with him *H. H. Dinsmore* and *James S. Moorhead,* for appellees, cited: Mitchell v. Schreiner, 43 Pa. Superior Ct. 633.

OPINION BY WILLIAMS, J., July 10, 1918:

This was an action to recover a real estate broker's commission.

Defendant was the owner of certain real estate which was sold to the Knights of Malta by plaintiffs for $6,500.

Plaintiffs' evidence was that defendant had agreed to pay the usual broker's commission of three per cent.

Defendant denied this and testified that he dealt with plaintiffs as agents of the Knights of Malta and the agreement was that the $6,500 was to be net.    The jury found for plaintiffs.    From the judgment entered on the verdict we have this appeal.

There is no merit in the first assignment as there was other testimony of the usual commission in evidence without objection at the time the evidence objected to was admitted.

There is no reversible error in the charge.    The jury were properly told they might find for plaintiffs if an agreement to pay the commission had been made with the knowledge of the fact that plaintiffs represented vendee: Mitchell v. Schreiner, 43 Pa. Superior Ct. 633.

The judgment is affirmed.