### Lovett, Appellant, v. Goodman.

*Broker—Real estate—Commissions—Principal and agent—Agent representing both sides.*

Where a real estate broker attempted to act as agent for both the seller and buyer, without disclosing to the seller that he was acting in a dual capacity, he cannot recover a commission for the sale of the property.

It is a rule of public policy that an agent for the sale of real

estate cannot at the same time act as agent for the purchaser thereof and thus become entitled to compensation from both vendor and vendee.

Argued April 23, 1926.   Appeal No. 88, April T., 1926, by plaintiff, from judgment of C. P. Allegheny County, January T., 1924, No. 1435, in the case of Harry A. Lovett v. Morris Goodman.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for commissions on the sale of real estate.   Before CARPENTER, J.

The court entered judgment of non-suit in the following opinion:

Plaintiff is a real estate agent.   In his statement of claim, he avers that on or about March 8, 1923, he was employed by the defendant to negotiate the purchase of certain real estate and that defendant promised to pay him for his services, in case of purchase, a commission of three per cent of the purchase price. He further avers that he negotiated the purchase for the net price of $72,000 to the owner, which was accepted by defendant, and the transaction closed by delivery of deed.

In answer to questions by the Trial Judge, plaintiff said he showed the defendant a list of all property he had for sale.   By "list" he said he meant properties "given into my office through another office."   Asked for what purpose, he replied, "For the purpose of sale, and I quoted the property to Mr. Goodman and took Mr. Goodman out to see the property."   In reply to a question by his counsel, he said the property consisted of fourteen houses on Kelly Street, a store building on the corner and four brick houses on Collier Street." He further said: "He [Goodman] gave me a check of $1000 and told me to purchase the property for him net

and do the best I could. The price of the property at that time was $76,000 and we negotiated there for several days and finally got the property for $72,000, for which he was to pay me a commission for the purchase of it.'' He said he didn't expect a commission from the other side and did not receive any. On cross-examination he said Mr. Samuel came and listed the property with him for sale; asked him if he could sell the property, and he found a purchaser; that the Commercial Realty Company had the property for sale and wanted him to assist in selling it. He said he told Goodman he had had the property for sale. He further testified that through his efforts the price of the property was reduced from $78,000 to $72,000.

Plaintiff having accepted employment as agent for the seller, could not secretly become agent for the buyer. He admits that he was the agent of the seller and in that capacity showed the property to Goodman. There is not even a suggestion that he revealed to the owner the fact that he was acting as agent for the purchaser. The admitted facts constitute an effectual bar to a recovery. A promise to pay an agent for betrayal of a trust is not legally enforcible.

And now, April 6, 1925, motion to take off non-suit is overruled. Plaintiff appealed.

*Error assigned,* among others, was the judgment of the court.

*W. W. Stoner,* and with him *M. L. Thompson,* for appellant.

*F. C. McGirr,* for appellee.

PER CURIAM, July 8, 1926:

The plaintiff, a licensed real estate broker, sought in this action to recover commissions, alleged to be due by the defendant for services rendered by the plaintiff

in the purchase of nineteen houses and the land on which they were built. The plaintiff assigns for error the refusal of the court below to take off a judgment of compulsory non-suit, which had been entered at the trial. The opinion filed by Judge Carpenter, of the court below, in overruling the motion to take off the non-suit, which will appear in the report of this appeal, states the facts and vindicates the conclusion at which he arrived. The testimony of the plaintiff clearly established that he had attempted to act as agent for both seller and buyer, without disclosing to the seller that he was acting in that dual capacity. The case is ruled by the decision of the Supreme Court in Everhart v. Searle, 71 Pa. 256, which decision we have repeatedly followed: Marshall v. Reed, 32 Pa. Superior Ct. 60; Evans v. Rockett, 32 Pa. Superior Ct. 365.

The judgment is affirmed.