# Sarshik *v.* Fink, Appellant.

*Brokers—Real estate brokers—Commissions—Agent for both parties—Public policy—Knowledge of principal—Vendor and vendee.*

1. As a rule of public policy, an agent for the sale of property cannot at the same time act as agent for the purchaser and become entitled to compensation from both vendor and purchaser or from either.

2. To permit such an agent to be placed in a position where he inevitably must be subjected to demands of conflicting duties, is not only harmful to the business in which he is engaged, but also against sound morals and public policy.

3. Double representation will not prevent the agent from recovering commissions from the principal, where the latter has knowledge that his agent is acting for the purchaser.

4. There should, however, be no question about the principal's knowledge, and, where this is clearly shown, and, notwithstanding the knowledge, the parties without protest continue their

negotiations, again agreeing to pay commissions, the contract will be sustained.

*Trial—Cross-examination by judge—New trial.*

5. Where a trial judge cross-examines defendant severely because of what appears to be a fabrication on the part of the latter, a new trial will be granted, if the appellate court is of opinion defendant had no chance thereafter with the jury, and this is the case although the judge may have endeavored to correct his error in the charge.

Argued December 8, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 320, Jan. T., 1927, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1922, No. 4410, on verdict for plaintiff, in case of Morris A. Sarshik v. Arthur I. Fink. Reversed.

Assumpsit for commissions on sale of real estate. Before MONAGHAN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff in opinion by MARTIN, P. J., for $6,899.57. Defendant appealed.

*Errors assigned,* inter alia, were refusal of judgment for defendant n. o. v., and refusal to withdraw a juror, quoting record.

*F. B. Bracken,* with him *Julius C. Levi* and *Alvin L. Levi,* for appellant.—Plaintiff's own testimony established that he was serving the purchaser as well as the seller, and it is well established by numerous authorities of both appellate courts of Pennsylvania, that he is not entitled to recover compensation from the defendant: Everhart v. Searle, 71 Pa. 256; Mitchell v. Schreiner, 43 Pa. Superior Ct. 633; Rice v. Davis, 136 Pa. 439; P. R. R. v. Flanigan, 112 Pa. 558; Cannell v. Smith, 142 Pa. 25; Addison v. Wanamaker, 185 Pa. 536; Wilkinson v. McCullough, 196 Pa. 205; Linder-

man v. McKenna, 20 Pa. Superior Ct. 409; Marshall v. Reed, 32 Pa. Superior Ct. 60; Lovett v. Goodman, 88 Pa. Superior Ct. 258.

The extended cross-examination of defendant by the trial judge was so unwarranted and prejudicial in its effect on the jury that a new trial should be granted: Com. v. Myma, 278 Pa. 505.

Plaintiff is not entitled to recover since he did not present a purchaser ready, willing and able to sign an agreement of sale, all the terms of which had been accepted by the principal: McDonald v. Kimmell, 70 Pa. Superior Ct. 282.

*Bryan A. Hermes,* with him *Nathan Griffith* and *Harry Shapiro,* for appellee.—The fact that the plaintiff offered the property only to Ingber & Company does not negative his employment by the defendant, nor prove that he was the agent of Ingber & Company.

The plaintiff was the efficient cause of bringing the parties together and procuring the sale and, consequently, was entitled to his commission, although the sale was finally concluded through some other broker: Girsh v. Rolland, 285 Pa. 141; Porreca v. Siano, 87 Pa. Superior Ct. 516; Black Co. v. Baker, 88 Pa. Superior Ct. 206.

A reading of that part of the record which deals with the examination of defendant by the learned trial judge can lead to no other conclusion than that the court was attempting to clear up an apparent contradiction in the testimony of defendant.

The court expressed no opinion whatever on the merits of the controversy. Even though it had done so, provided the jury was left free to decide upon the evidence, would not be error: Lappe v. Gfeller, 211 Pa. 462; Halfman v. Ins. Co., 160 Pa. 202; Pitts. v. P. R. T., 84 Pa. Superior Ct. 395.

OPINION BY MR. JUSTICE KEPHART, January 3, 1928:

Plaintiff, a broker, was engaged as agent to sell real estate owned by defendant and others. Early in October, defendant offered, through a "blind advertisement" in a newspaper, a property for sale. Plaintiff, by letter of October 5th, asked him for full particulars regarding the property, stating, "I represent a client who is very much interested." At an interview between the parties on October 9th, defendant placed the property with him for sale, agreeing to pay 2½% commission. The price was fixed at $250,000, but defendant indicated that an offer around $225,000 would be accepted; the property, however, was not to be sold for less than the latter figure. Plaintiff, on October 12th, having received an offer of $220,000 from Ingber & Co., submitted it the following day to defendant. It was accepted, plaintiff showing a copy of the receipt given by him to Ingber & Co. Its material part reads: "Messrs. Ingber & Co., I hereby acknowledge receipt of your check for $5,000 dated 10/12/22, as a deposit for the purchase of 914 Walnut Street at the price of $220,000 or lower, subject to the approval of the owner Arthur I. Fink. Morris A. Sarshik, Agent." Arrangement was then made for a further meeting, which defendant's wife was to attend and execute with him the contract of sale.

The agency was not exclusive, defendant having another person engaged at the same work. It was through the latter's efforts that the property was sold on October 13th, for $225,000 to other parties. Defendant then notified plaintiff he was no longer interested in a sale through him as the property was sold through another person, and declined to keep the engagement arranged for. At the trial, defendant denied he agreed to accept a lower figure, or that any purchaser, willing to buy on terms satisfactory to him, had been introduced by plaintiff. Further, while acting as agent for defendant, plaintiff was engaged in a similar capacity for

his purchasers, and as a matter of law was not entitled to recover any commission.

The court below submitted the question of dual agency and defendant's knowledge of it to the jury in a charge that was free from error. A verdict was found for plaintiff. It is now urged these questions were for the court to determine.

The oral testimony and the inference from the receipt are not so persuasive as to an agency between plaintiff and Ingber & Co. that it should be determined by the court. The mere fact that a broker has a client will not alone support it.

Assuming the jury found a double agency, the legal principle controlling is that, as a rule of public policy, an agent for the sale of property cannot at the same time act as agent for the purchaser and become entitled to compensation from both vendor and purchaser or from either: Everhart v. Searle, 71 Pa. 256. The reason for the rule is that it is the duty of an agent for a vendor to sell the property at the highest price, and it is the duty of an agent for a purchaser to buy it at the lowest price. An agent, to a certain extent, occupies a fiduciary relation, and, to permit him to be placed in a position where he inevitably must be subjected to the demands of conflicting duties, is not only harmful to the business in which he is engaged, but also against sound morals and public policy. Such transactions must be viewed with more than suspicion for, where the relations are concealed, we have held that it amounts to fraud. But where the parties have full knowledge and consent to the dual relation, there is no question of public policy or morals involved.

In Mitchell v. Schreiner, 43 Pa. Superior Ct. 633, many of our cases are cited. The court below in that case charged the jury that the double representations would not prevent the agent from recovering where the principal had knowledge that his agent was acting for the purchaser. President Judge RICE states that this

exception exists where both parties expressly agree that a person may act as the agent for both and recover, yet, as that learned jurist observes, "It is well settled that such agreement cannot be inferred either from knowledge of the fact that the rule has been violated or from mere silence or failure to dissent at the time, or from all these combined. Nothing short of 'clear and satisfactory proof of an agreement' to waive the rule can be regarded as sufficient for this purpose: Rice v. Davis, 136 Pa. 439; Penna. R. R. v. Flanigan, 112 Pa. 558; Finch v. Conrade's Executor, 154 Pa. 326; Marshall v. Reed, 32 Pa. Superior Ct. 60; Evans v. Rockett, 32 Pa. Superior Ct. 365": Mitchell v. Schreiner, supra, p. 637. And further, on page 638, it is stated, "Plaintiff's right to recover was made to depend only on the question as to what he informed the defendant, and not upon the question whether the defendant expressly agreed to the double employment and the double compensation," and the jury "might infer the defendant's assent from the mere fact of his silence and failure to dissent when, as alleged, the plaintiff informed him that he was employed by the other party."

There should be no question about the principal's knowledge, and, where this is clearly shown, and, notwithstanding that knowledge, the parties, without protest, continued their negotiations, again agreeing to pay commissions, the contract will be sustained: Mitchell v. Schreiner, supra. Bearing on the question of knowledge and waiver, plaintiff, by the terms of the contract, had discretionary powers between $250,000 and $225,000. That is conceded. Plaintiff explains his first letter as to having a party interested that Ingber & Co. was not the party. The letter was a customary method of securing business; his proposed purchaser came on the scene later, as shown by the receipt. Even if it be a necessary inference from this receipt that plaintiff was acting for Ingber & Co., though it undoubtedly is susceptible of another meaning, there was evidence that

defendant, with full knowledge of it, again agreed to pay the commission and to return with his wife to close the deal. That figure was lower than the price plaintiff was authorized to sell for, but the defendant agreed to accept it, and only sold later at an advance of $5,000. The case, on both questions, was for the jury, under the strictest instruction from the court, who should and did charge the jury in explicit language as to their duty.

The error in the case lies in the cross-examination of the defendant by the trial judge. Defendant had testified at a previous trial that he was not present at the important meeting of October 13th, and was not in plaintiff's office on that day. At the present trial, he recanted that testimony and admitted his presence there. He said the mistake was "just a slip in cross-examination," but the trial judge, indignant at what appeared to him as an evident fabrication, cross-examined so severely that we do not feel defendant had any chance thereafter with the jury, although the learned trial judge, realizing his mistake, endeavored to correct it in his charge. This attitude of the trial judge, not purposely assumed, calls for another trial: Commonwealth v. Myma, 278 Pa. 505. Accordingly, we sustain the fifth assignment of error.

The judgment is reversed and a venire facias de novo is awarded.