Custis *v.* Wilf et al., Appellants.

Argued April 23, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Samuel G. Schwartz,* for appellants.

*C. W. Van Artsdalen,* for appellee.

PER CURIAM, May 19, 1930:

Plaintiff filed a bill in equity for an accounting of the profits on the sale of certain real estate, one-half of which gain he claimed belonged to him, under an agreement in writing between himself, trading as Emerson C. Custis & Co., and the two defendants, trading as Wilf & Finkelstein. By the writing in question, plaintiff agreed to call the attention of defendants, from time to time, to real estate which, in his expert opinion, could be bought advantageously, and defendants agreed that, if they should acquire any such properties, plaintiff was to have the exclusive right to resell them, and, in lieu of a commission for such resale, he was to receive 50% of all profits realized. The agreement stipulated also that, where defendants purchased properties called to their attention by plaintiff, the commissions, "if any" received by him, should be divided in the proportion of 50% to plaintiff and 50% to defendants.

Plaintiff called defendants' attention to premises 6100, 6102 and 6104 Wayne Avenue, Philadelphia, which they purchased and resold, through plaintiff, at a profit of approximately $22,000. This is the money as to which defendants were ordered to and did account. On the accounting, the court below decreed that defendants were indebted to plaintiff in the sum of $3,554.33, for which it entered judgment, and this appeal by defendants followed.

The sole question stated by defendants, as before us for determination on this appeal, is, since plaintiff re-

ceived a commission from the vendor of 6100-6102 Wayne Avenue, which commission he divided with defendants under the terms of the written agreement between them, do the facts thus involved create such an illegal condition as to deprive plaintiff of the right here sought to be enforced, i. e., the right to share in the profit gained on a resale of this property, it having been sold,—through the efforts of plaintiff,—together with 6104 Wayne Avenue, on the acquirement of which last named property no commission was paid to plaintiff.

The chancellor, on ample evidence, found as a fact that, "In the purchase of the premises 6100 and 6102 Wayne Avenue, [plaintiff] received a commission of $930, one-half of which he paid to Frank W. Kidd, who acted as the agent for......the vendor, and the other one-half he paid to the respondents, Wilf & Finkelstein." The title company's settlement sheet, which was introduced in evidence, indicates that this was the only commission paid by the vendors to any agent; and plaintiff's checks, also introduced in evidence, show that it was forthwith divided as stated in the above finding of the court below. Under these circumstances, the court below correctly concluded that plaintiff was not barred of his legal rights under the contract involved in this suit.

It is important to maintain the rule of law that one who acts as agent for two parties with antagonistic interests cannot recover compensation from either, and that an agent seeking to recover compensation must not have a personal interest to be served in the transaction for which he seeks recompense; but the parties affected may, with full knowledge of all the circumstances, waive the right to insist on this rule: Finch v. Conrad, 154 Pa. 326, 331. The present is not the typical case where an agent, after receiving from the vendor a commission on sale of real estate, seeks to recover from the vendee a commission on his purchase; nor is it a case where the party sought to be charged was without knowledge that

his agent also represented and received a commission from the other side. On the contrary, so far as plaintiff's acceptance of a commission from the former vendor of 6100 and 6102 Wayne Avenue is concerned, defendants not only knew all the circumstances, but shared in its division; whereas plaintiff retained none of that commission. He, as before stated, paid one-half the commission to defendants and one-half to the agent of the vendor, to whom, otherwise, compensation would presumably have been due from the vendor, who, so far as this record shows, was and is satisfied with the division of commissions which here appears. Finally, it will be observed that the written contract between plaintiff and defendants does not stipulate that the former shall charge commissions to the vendors of all real estate to be acquired at his suggestion by defendants, and then divide those commissions with the latter; the stipulation is, "commissions, if any" received by plaintiff, shall be divided. This can be and should be, in the absence of all proof to the contrary, read as contemplating only the receipt and division of legal commissions, properly received by plaintiff,—that is, commissions paid by the vendors with knowledge and approval of the circumstances under which they act; thus read, the contract is legal and enforceable.

The decree appealed from is affirmed at cost of appellants.