Sherwood *v.* Boehm et ux., Appellants.

Argued April 13, 1931.

Before TREXLER, P. J., KELLER, LINN, GAW-
THROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*Carlton M. Randall,* and with him *Harold F. Mook,* for appellants.

*R. M. Orcutt,* and with him *Ritchie T. Marsh* and *Charles C. Eaton,* for appellees.

OPINION BY KELLER, J., May 1, 1931:

This is an action by a licensed real estate broker to recover from the sellers of real estate the commission which they had agreed to pay him if he secured a purchaser for the property.

Plaintiff's evidence supported a finding that defendants agreed to pay him a commission of 5%, with a minimum of $200, if a purchaser was procured through his efforts; and that they did sell the property to a person introduced to them by plaintiff as an intending purchaser at a price $150 above the net amount which they had fixed as their selling price.

Defendants seek to avoid the payment of any commission because in the course of his evidence the plaintiff referred to the purchaser as his "client." It is true that the plaintiff had been consulted by the purchaser with a view of buying a house for him and his intended wife before there had been any meeting

between plaintiff and defendants, or the contract in suit had been entered into; but the evidence negatived any finding or inference that the intending purchaser had "employed" him in the sense that he was to pay the plaintiff any compensation for his services in finding a satisfactory house and bringing him into contact with the seller. The testimony of the purchaser, who was called as a witness for defendants, was wholly inconsistent with such an "employment."

Plaintiff in his testimony apparently used the term "client" and "prospect" interchangeably, and it is clear from his evidence, as well as from that of defendants' witness, that there was no employment between them contemplating the payment of any commission or compensation from the intending purchaser to the plaintiff, but that the latter would look for his compensation, as is usual, to the seller. The rule attempted to be invoked by the defendants is stated in Rice v. Davis, 136 Pa. 439, as follows: "It is a rule of public policy that an agent for the sale of property cannot at the same time act as the agent for the purchase thereof, or interest himself therein, and thus become entitled to compensation from both vendor and purchaser;" and was restated in exactly the same language in Evans v. Rockett, 32 Pa. Superior Ct. 365, 367, and Mitchell v. Schreiner, 43 Pa. Superior Ct. 633, 637.

In all the other cases relied on by the appellants, (Everhart v. Searle, 71 Pa. 256; Cannell v. Smith, 142 Pa. 25; Sarshik v. Fink, 292 Pa. 256; Lovett v. Goodman, 88 Pa. Superior Ct. 258; Linderman v. McKenna, 20 Pa. Superior Ct. 409), there was either an actual receipt of commissions from both sides, or a contract for the payment of such commissions by both sides, or an attempt to recover commissions when the broker had already received or contracted for commissions from the other party to the contract. The mere use

by the plaintiff of the term "client," in referring to the purchaser, did not in the circumstances here present bring the case within the rule above stated: Sarshik v. Fink, supra, p. 260.

Defendants' first point asked for binding instructions on the ground that the plaintiff's testimony showed he was representing both purchaser and seller. The evidence on both sides justified the learned trial judge's answer, as follows: "That point is refused. His relationship to the Boehms according to all of the testimony was that of a broker acting for owners; and his relationship to the Fanzinis was only such as would be between a broker acting for another and the prospect to whom he expected to sell the property."

While there was a slight variance between the plaintiff's statement of claim and his testimony on the trial as to the commissions he was to receive in a certain event, they were not wholly inconsistent. The defendants did not object to the testimony on the ground of a variance or ask to have it struck out or raise the matter by any motion or point to the court. It is now too late. The fault was amendable and if objection had been taken at the time could easily have been cured by amendment. It will be considered as if amended: Ogden v. Belfield, 82 Pa. Superior Ct. 534, 536.

The other matters assigned for error call for no special consideration and were not referred to in the statement of questions involved. The assignments of error are overruled and the judgment is affirmed.