## Jones v. Rogers, Appellant.

Argued March 6, 1933.

**518** 

 Before
TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER and JAMES, JJ. 

*A. Floyd Vosburg,* and with him *A. A. Vosburg,* for appellant.

*Philip V. Mattes,* and with him *William K. Goldstein* and *Morgan S. Kaufman,* for appellee.

OPINION BY TREXLER, P. J., April 17, 1933:

Defendant accompanied with the plaintiff, Sarah Jones, was driving in his automobile home from a dance late at night. As they were proceeding on their way they encountered patches of fog. Plaintiff states: "We were traveling at the rate of 20 to 30 miles per hour. Shortly after passing a bridge we suddenly swung to the left and crashed." Apparently without the brakes being applied, or the speed slackened, the car left the right side of the road, went to the left off the road and collided with a concrete abutment at a culvert 7½ feet from the edge of the road. The results which were occasioned proves that the impact with the abutment was with great force. The defendant's evidence is that he was driving 15 or 25

miles per hour and that the fog was so dense that he did not see the turn of the road. He testified that he could see ahead "about 20 feet maybe," and that he was able to see the white posts along the left hand side of the road. The lights were lit on defendant's car, but no inquiry was made as to their condition.

Upon this statement of facts it would appear that the question of defendant's negligence was for the jury. It was for it to apply the test whether the defendant exercised the care of an ordinary prudent man. The jurors might well have concluded that one driving in fog so dense that his vision was limited to a short distance, should preserve such control over his car and maintain such rate of speed as at least to keep on the right side of the road, and to be able to pass a curve without leaving the road bed. The views expressed by Justice Drew in Cormican v. Menke, 306 Pa. 156, 159 A. 36; are pertinent to the case we are considering. "It was his [the defendant's] duty, operating his car on a wet and foggy night, to have such headlights on it as would enable him to see in advance the face of the highway and to discover obstacles in his path in time for the safety of those riding in his car and of himself, and to keep his car under such control as to enable him to stop and avoid obstructions which fell within his vision, and within the range of his lights." "The speed is excessive whenever it places the car beyond the control of a driver and is especially so when passing an obstruction or rounding a curve": Knox v. Simmerman, 301 Pa. 1, 151 A. 678. The condition of the weather, such as was present in the instant case, imposes on the driver the duty of greater precaution. This is so obvious that it requires no citation of authorities. We, however, refer to a few cases among the many: McGrath v. Pa. R. R. Co., 71 Pa. Superior Ct. 1; Mason v. Lavine, Inc., 302 Pa. 472, 153 A. 754; Simrell v.

Eschenbach, 303 Pa. 156, 154 A. 369. Whether the proper degree of caution was exercised was for the jury.

The other questions submitted require little notice. The court very properly refused to affirm a point that the accident was unavoidable.

It could not hold, as a matter of law, that the plaintiff was guilty of contributory negligence for plaintiff testified that she warned the driver to use caution on account of the fog.

The question of variance was not raised at the trial, nor on the motion for a new trial, and it cannot now be considered: Baily v. Ramsey, 285 Pa. 521, 132 A. 712; Sherwood v. Boehm, 102 Pa. Superior Ct. 15, 156 A. 627.

The objections to the admission of certain testimony were not argued at the bar of the court, nor is there any reference to them in the brief. Notwithstanding, we have read the assignments relating to this part of defendant's case and find no merit in any of them. The trial judge submitted the case to the jury in a very full and fair charge, and the verdict was abundantly supported by the testimony.

The judgment is affirmed.