Kelly *v.* Oxgrove Development Corporation, Appellant.

Argued January 10, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Fred T. Cadmus, III,* with him *Cadmus, Good and Patten Associates,* for appellant.

*Thomas R. Kimmel,* for appellee.

OPINION BY MR. JUSTICE EAGEN, May 22, 1974:

This is an appeal from a final decree in equity entered in the trial court setting aside a sale of real estate. We affirm.

In the negotiations for the sale, the seller was represented by John J. Coyle, a duly licensed real estate broker, and Coyle received a commission for these services. The purchaser was the Oxgrove Development Corporation [Oxgrove], a recently formed corporation. The trial evidence established, and the trial court so found, that Coyle represented conflicting interests in the sale, in that he not only represented the seller but also was the owner of a substantial interest in Oxgrove, and that his interest in Oxgrove was not publicly disclosed, but was recorded in the name of a straw party. Under these facts, the law is clear that

in order for the sale to withstand a subsequent challenge by the seller as to its validity, the burden is upon the buyer to prove by clear and satisfactory proof that the seller was timely informed of Coyle's dual interest in the sale and consented thereto. See *Onorato v. Wissahickon Park, Inc.,* 430 Pa. 416, 244 A. 2d 22 (1968). See also *Warner Company v. MacMullen,* 381 Pa. 22, 112 A. 2d 74 (1955) ; *Sarshik v. Fink,* 292 Pa. 256, 141 A. 39 (1928), and *Finch v. Conrade's Executor,* 154 Pa. 326, 26 A. 368 (1893).

Instantly, Coyle was deposed pretrial and testified, in part, that prior to the sale he informed the seller of his dual interest in the transaction and that the seller consented thereto. This deposition was offered in evidence as part of the seller-plaintiff's case at trial, and it is argued that since it remained uncontradicted by any other testimony offered by the seller,[1] it is binding upon the seller for the purposes of this litigation.

Generally, if a party calls an adverse party as a witness in a civil proceeding, this testimony is conclusive unless rebutted by other testimony. *Guida v. Giller,* 406 Pa. 111, 176 A. 2d 903 (1962). However, this is not so if the testimony of the adverse party is contradicted by the direct testimony of other witnesses, or is impeached by its own inconsistencies or by such intrinsic improbability or obvious falsity as to stamp it as unworthy of belief. *Argo v. Goodstein,* 438 Pa. 468, 265 A. 2d 783 (1970).

Herein, the trial court after consideration of Coyle's testimony as a whole, concluded it was not of the quality necessary to establish the seller knowingly and intelligently consented to Coyle's conflicting interests in the sale. After our study of Coyle's testimony, we are persuaded this conclusion should remain undisturbed. While Coyle testified he told the seller before the sale

---

[1] The seller had died and was, therefore, unavailable.

that he was to have a substantial ownership in Oxgrove, in the beginning of his depositions Coyle attempted to evade questions as to this interest and only after persistent inquiry admitted that the interest recorded in the name of his secretary was, in fact, owned by him. For this and other reasons disclosed in the record, the trial court was amply justified in concluding Coyle's testimony was not the "clear and satisfactory" proof required to carry the buyer's burden of proof in this case.

Decree affirmed. Costs on appellant.

Mr. Chief Justice JONES concurs in the result.