## Jacobs *v.* Heppe, Appellant.

*Contract—Evidence—Conflicting evidence—Question for the jury.*

In an action on a contract the evidence showed that the defendants were dealers in pianos, and that they agreed with the plaintiff that if she should give them a "prospect," that is, the name and address of a prospective purchaser of a piano, and the defendants should in pursuance of the "prospect" or information, within a reasonable time succeed in selling a piano to such prospective purchaser, the plaintiff would be entitled to receive ten per cent of the purchase price paid. Plaintiff claimed that through a "prospect" given by her, defendants had sold three pianos six or seven months subsequently. The defendants denied that the sale had been made through plaintiff's "prospect." *Held*, that the case was for the jury and that a judgment and verdict for the plaintiff should be sustained.

Where there is any evidence which alone justifies an inference of a disputed fact, it must go to the jury, and this is generally true, whether the sufficiency of the evidence is raised upon a motion for a nonsuit, or at the conclusion of the trial in which the defendant has introduced countervailing evidence of a positive character.

Argued Oct. 11, 1905. Appeal, No. 130, Oct. T., 1905, by defendants, from judgment of C. P. No. 5, Phila. Co., June Term, 1904, No. 1144, on verdict for plaintiff in case of Jennie Jacobs v. Christopher J. Heppe and Florence J. Heppe, Trading as C. J. Heppe & Son.'· Before RICE, P. J., ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a contract. Before DAVIS, J.
The facts appear by the opinion of the Superior Court.

*Errors assigned* were in refusing to give binding instructions for defendant.

*Albert J. Moise*, of *Sharp, Alleman & Moise*, for appellants.— Where the evidence of a fact sought to be established could not reasonably satisfy the jury of the existence of such fact, or is so weak that it would be the duty of the court to set aside a verdict finding such fact, the question of the existence of such fact should not be submitted to the jury: Howard Express Company v. Wile, 64 Pa. 201; Elliott v. Lycoming Mut. Ins. Co., 66 Pa. 22; Cunningham v. Smith, 70 Pa. 450; Hyatt v. Johnston, 91 Pa. 196; Sidney School Furniture Co. v. Warsaw School District, 122 Pa. 494; Cauffman v. Long, 82 Pa. 72; Wilson v. Mitchell, 101 Pa. 495; Eddey's App., 109 Pa. 406; Shaver v. McCarthy, 110 Pa. 339; Herster v. Herster, 122 Pa. 239; Yorke's Est., 185 Pa. 61; Roberts v. Clemens, 202 Pa. 198.

*Joseph P. Rogers*, with him *William H. Wilson*, for appellee. —The case was for the jury: Howard Express Co. v. Wile, 64 Pa. 201; Kelton v. Fifer, 26 Pa. Superior Ct. 603.

OPINION BY ORLADY, J., November 20, 1905:

The basis of this action was properly designated by the trial judge as " a very peculiar contract, but, nevertheless, it is a contract having two sides to it." The defendants are extensive dealers in pianos and agreed with the plaintiff that if she should give them a " prospect," that is, the name and address of a prospective purchaser of a piano, and the defendants should in pursuance of the " prospect," or information, within

a reasonable time, succeed in selling a piano to such prospective purchaser, the plaintiff would be entitled to receive ten per cent of the purchase price paid.   This is conceded to have been their offer, and the question in dispute was confined to the sale of three pianos which the plaintiff contended were sold through her " prospect," and by the defendants, that they were sold on an individual inquiry, directly made to the firm without her intervention or by reason of any other influence or suggestion.

It was clearly shown on the trial that the plaintiff had registered a " prospect " for a sale to the Josephine Widener School and that three pianos were sold some six or seven months subsequently.   Her theory that the sale was made on a " prospect," and not to an unsolicited customer was supported by the fact that the commission on that sale was credited to three persons identified with the sales department.   The plaintiff testified positively that a Mr. Doddridge, a duly accredited representative of the defendants, stated to her in their store, " I remember of Mrs. Jacobs coming to see us about that ' prospect ' and giving us the prospect ;" that a Mr. Lamon, in the presence of the manager, stated that they had gone for six months to the school and failed to make a sale, and then had to get Mr. Street on the case ; that " he went out to see Mr. Widener and he sold the pianos to Mr. Widener."   True, this was denied by Mr. Doddridge, and the Mr. Lamon mentioned by the plaintiff was not identified in court by her ; yet, if her statement was to be believed she was clearly entitled to the commission.   It was for the jury and the jury alone to pass on this disputed fact.   Their finding is amply supported by the testimony and it would have been an invasion of the rights of the jury for the court to have directed a nonsuit.   The rule in such cases has been recently announced by President Judge RICE in Kelton v. Fifer, 26 Pa. Superior Ct. 603, that a reference to it is a vindication of the course followed by the trial judge.   " It is true that the old scintilla doctrine has been long since exploded ; the more reasonable is now as stated by Justice SHARSWOOD in Howard Express Co. v. Wile, 64 Pa. 201, that, " Where there is any evidence which alone justifies an inference of a disputed fact, it must go to the jury ; and this is generally true, whether the sufficiency of the evidence is raised upon a

motion for a nonsuit, or at the conclusion of the trial in which the defendant has introduced countervailing evidence of a positive character." The case being for the jury, it was submitted to them with clear, adequate and impartial instructions, of which the defendants have no just cause to complain. It was the exclusive province of the jury to pass upon the credibility of evidence and ascertain the facts.

The judgment is affirmed.