# Clark, Appellant, v. Hubbard.

*Brokers—Real estate brokers—Commissions—Principal and agent—Fraud.*

1. A real estate broker who is the agent of both parties in an exchange of real estate, owes fidelity to both; and if he takes a note for commissions from one, concealing the essential fact that the property of the other is heavily mortgaged, and as a result the exchange fails, he cannot recover on the note.

2. No broker, agent or middleman can recover for services which uncover double dealings, and a secret agreement with one of the principals, by whatever name the confidential relation is known. Perfect good faith must be shown to warrant recovery for such services.

*Trial—Witness—Subpœna—Testimony on previous trial.*

3. Where an unsuccessful attempt has been made to subpœna witnesses who had testified at a previous trial of the case, the testimony of such witnesses at the previous trial may be offered in evidence; and this is especially so where such witnesses had been cross-examined at length at the previous trial.

Argued May 4, 1910. Appeal, No. 190, April T., 1910, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1902, No. 156, on verdict for defendant in case of L. A. Clark, trading as L. A. Clark & Company, v. George Hubbard. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a promissory note. Before KENNEDY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) admission of evidence taken at the previous trial of the case; (3–11) various instructions.

*Levi Bird Duff*, for appellant.—The evidence is not sufficient to overthrow the note and the written agreement. To set aside an instrument on the ground of fraud, the evidence must be clear, precise and indubitable, and must refer to what occurred at the execution of the instrument: Campbell v. Patterson, 95 Pa. 447; Thorne v. Warfflein, 100 Pa. 519; Murray v. Railroad Co., 103 Pa. 37; Silvius v. Kosek, 117 Pa. 67; Hicks v. Harbison-Walker Co., 212 Pa. 437; Sacks v. Schimmel, 3 Pa. Superior Ct. 426.

One who seeks to repudiate a contract on the ground of fraud must do so promptly: Andriessen's App., 123 Pa. 303; Mehaffey v. Ferguson, 156 Pa. 156.

*Simon R. Huss*, for appellee.—It is a well-settled principle of law that a broker employed to find a purchaser is not entitled to a commission unless the purchaser is able, willing and ready to take the property on the terms specified by the principal: Turner v. Baker, 225 Pa. 359; Butler v. Baker, 17 R. I. 582 (23 Atl. Repr. 1019); Harmon v. Enright, 107 Mo. App. 560 (81 S. W. Repr. 1180); Dent v. Powell et al., 93 Iowa, 711 (61 N. W. Repr. 1043); Stewart v. Fowler, 37 Kan. 677 (15 Pac. Repr. 918); Iselin v. Griffith, 62 Iowa, 668 (18 N. W. Repr. 302).

No broker, agent or middleman can recover for services, which uncover double dealing and a secret agreement with one of the principals: Linderman v. McKenna, 20 Pa. Superior Ct. 409; Everhart v. Searle, 71 Pa. 256; Rice v. Davis, 136 Pa. 439; Finch v. Conrade's Executor,

154 Pa. 326; Wilkinson v. McCullough, 196 Pa. 205; Marshall v. Reed, 32 Pa. Superior Ct. 60; Evans v. Rockett, 32 Pa. Superior Ct. 365.

OPINION BY ORLADY, J., July 20, 1910:

The plaintiff, a real estate agent, instituted negotiations for the exchange of certain real estate upon terms that were fully set out in an agreement between William M. Oberlin and George Hubbard. The negotiations resulted in a failure by reason of Oberlin refusing to comply with one of the provisions, which required him to deliver his property free from all liens and incumbrances, the reason given being that he could not raise the necessary money.

The note in suit, as appears by the testimony, was given to the plaintiff for commissions, and while absolute on its face, it is contended by the defendant that the note was to be paid only on the consummation of the transaction, and that the plaintiff Clark knowingly deceived and misled him in assuring him that the lot to be conveyed by Oberlin was free and clear of incumbrance, when he, Clark, knew it was incumbered to a large amount.

There was considerable conflict in the testimony in regard to the good faith shown by the plaintiff, which culminated in the plaintiff submitting a point, as follows: "The note in suit is for the payment of $360 absolutely, without condition, and there is not sufficient evidence of any contemporaneous or other agreement to change the terms of the note, and the plaintiff is entitled to a verdict for the full amount thereof, with interest, unless the defendant has shown that it was obtained by fraud." Which point was answered as follows: "This point is affirmed. I have so charged you substantially in my general charge, but the allegation is made here, on the part of the defendant, that there was fraud practiced by Clark in obtaining the note, the fraud consisting, as I have told you, in misrepresentations as to the liens, or rather the representation that there were no liens on Oberlin's property,

and that the hand money to Oberlin was paid in cash. If you are satisfied that that was done, that would defeat recovery. But that is denied by the plaintiff, hence the question is for you to decide whether or not such fraud or concealment and deception was practiced upon the defendant Hubbard.

This point and answer are to be taken in connection with the excerpts from the charge embraced in the ninth, tenth and eleventh assignments of error, which are as follows: "It appears by the testimony that Clark was acting for both parties; that is forbidden by law unless there is a perfect understanding between the parties as to the arrangement. The plaintiff concedes that he cannot collect the amount of this note if he in any way concealed or deceived Mr. Hubbard as to the facts connected with the transaction, and if he assured him, Hubbard, that there was no lien or incumbrance of any kind on this lot of Oberlin's, and that it was free and clear, then he cannot collect anything on this note. That would be a fraud on Mr. Hubbard, that would defeat any recovery on this note." And further, "Now these are about the circumstances of the case, and it all depends on the question whether the plaintiff has acted in good faith to the defendant, giving him all the facts and circumstances connected with the transaction and concealing nothing from him. It is required of him that he act in the utmost good faith in the whole transaction, otherwise he cannot recover in this suit."

The appellant contends that the plaintiff in the negotiations was not the agent of Hubbard, nor was he under obligation to impart any information to him, and further that even if he did not give Hubbard full information, he was not guilty of fraud. To this we cannot agree. While the agreement of May 15, 1902, is between Hubbard and Oberlin, the plaintiff was such an important intermediary in the transaction that he owed perfect good faith to each. Incorporated in the body of the agreement was a provision that each of the parties was to pay to the plain-

tiff a designated two per cent of the valuation set on the property, as compensation for their services in negotiating the above-mentioned exchange. The agreement also contains a receipt signed by the plaintiff, from each of the parties for the sum of $200, as evidence for the faithful performance of the agreement, and attached to the agreement, is the following: "Received of George Hubbard his sixty day note, for $360.00, to cover above hand money and commissions in full when said note is paid. Signed, L. A. Clark." Under the facts in this case Clark owed a duty to each of his clients which would be discharged only by absolute good faith, and he was not entitled to his commissions from Hubbard until he produced a purchaser, able, willing and ready to take the property on the terms specified by the principals. The exchange of the properties was not consummated for the reason that one of the parties was financially unable to remove a mortgage which was a lien against his property, the existence of which was known to plaintiff at the time he brought the parties together, and he dealt with Hubbard in the light of his knowledge of that fact. The failure to remove the mortgage on the Oberlin lot, while not being within the control of the plaintiff, was a substantive fact which must have been taken into consideration when the agreement between the parties was made, and there was no modification of its terms: Turner v. Baker, 225 Pa. 359.

Proof was adduced to show that the receipt of $200 embraced in the agreement was not only misleading and deceptive, but that on its face it represented an actual cash payment of money, whereas it in reality represented a check for that same amount, which had been accepted in lieu of cash, but had never been paid. No broker, agent, or middleman can recover for services which uncover double dealings and a secret agreement with one of the principals, by whatever name the confidential relation is known. Perfect good faith must be shown to warrant recovery for such services: Linderman v. McKenna, 20 Pa. Superior Ct. 409. This principle is based

on the rule of public policy that no man can serve two masters. General rules are intended to be preventive of possible wrong rather than remedial of actual wrong, and should be rigidly enforced unless it clearly appear that the parties for whose protection they were intended have, with full knowledge of all circumstances, agreed to waive their rights thereunder: Marshall v. Reed, 30 Pa. Superior Ct. 60; Evans v. Rockett, 32 Pa. Superior Ct. 365; Mitchell v. Edeburn, 37 Pa. Superior Ct. 223; Jacobs v. Heppe, 29 Pa. Superior Ct. 406; Gandy v. Weckerly, 220 Pa. 285. In so holding we are not in conflict with Fulton v. Walters, 216 Pa. 56, since the jury in this case has found as a fact, upon sufficient evidence, that Clark was the agent of Hubbard as well as of Oberlin.

There was sufficient evidence to submit to the jury on the question of the plaintiff's good faith, and we cannot say that it does not warrant the finding of the jury.

The first and second assignments of error relate to the receipt of notes of testimony of William M. Oberlin and Mina Oberlin, witnesses who had testified at a former trial of this case. It was admitted that the testimony offered was that taken by the official stenographer of the same court at a former trial of the case, when the plaintiff was present with his counsel, and cross-examined the witnesses at length, but it was objected that the defendant had not made a sufficient effort to secure a personal service of the subpœna on these witnesses, although it was conceded that they could not be found at the time of the trial. The objection is fully answered by Greenan v. Eggeling, 30 Pa. Superior Ct. 253. The court was satisfied with the sufficiency of the proof to justify the admission of the evidence, and we see no substantial reason for criticising this action, especially in view of the fact that the testimony was that taken at a former trial of the case in which the witnesses were examined and cross-examined.

The judgment is affirmed.