# Commonwealth of Pennsylvania *v.* DiNatale et al., Appellants.

*Criminal law—Election fraud—Evidence—Testimony of witnesses at preliminary hearing—Absent witnesses—Proof of absence—sufficiency—Objection—Adequacy.*

In the trial of an indictment of election registrars for making false registrations, the notes of testimony of witnesses at a preliminary hearing were received in evidence with proof of the inability of the Commonwealth to bring the witnesses into court. At the close of the case for the prosecution, defendants asked that the testimony of the absent witnesses be stricken off.

In such case the court is not required to consider a blanket objection and sift out the competent from the incompetent testimony. To attack the sufficiency of evidence as to the absence of witnesses from the jurisdiction, objection should be made to the admission of the testimony of each particular witness.

The question of the sufficiency of the preliminary proof as to the absence of the witness is largely a matter of discretion with the lower court.

*Stenographer—Qualifications.*

Notes of testimony taken by a public stenographer who was not an official stenographer, were admissible where there was evidence that he did court reporting and was employed by official stenographers to act in that capacity.

Argued April 23, 1928. Appeals Nos. 140 to 151, inclusive, October T., 1928, by defendants from judgment and sentence of Q. S., Philadelphia County, December T., 1926, Nos. 1187, 1188 and 1189, in the cases of Commonwealth of Pennsylvania v. Michele DiNatale, Costanzo Cedrone, Beverly Johnson and Samuel Canfani. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for false entries in an election registry book.  Before TAULANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.  Defendants appealed.

*Errors assigned* were the admission of certain testimony and judgment of the court.

*Herbert W. Salus,* for appellants.

*James W. Tracey,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, for appellee.

OPINION BY TREXLER, J., July 12, 1928:

The defendants were registrars of election in the city of Philadelphia.  They were indicted and convicted of falsely entering into the registry books, the names of persons who did not appear before them for registration.

The first question submitted is, was the testimony of the absent witnesses who had testified at the preliminary hearing before the magistrate, admissible? The Commonwealth offered proof to the effect that the persons charged with the duty of serving subpoenas issued for the witnesses called at the last known residences of the witnesses and upon inquiry found they no longer lived there.  In some instances, there was no further inquiry, at least if there was, it was not brought out in the testimony.  In others, the fact showing absence from the Commonwealth was ascertained, e. g., in one case, the officer was informed that the witnesses were in California.

The question of the sufficiency of the preliminary proof as to the absence of the witness is largely a matter of discretion with the lower court.  This has

been decided in Greenan v. Eggeling, 30 Pa. Superior Ct. 253; Clark v. Hubbard, 44 Superior Ct. 37; Covanhovan v. Hart, 21 Pa. 495, 502; and Delahunt v. United T. & T. Co., 215 Pa. 241, 249. In the last named case, the Supreme Court states that the admission of the testimony of an absent witness ''was a matter for the court below, with the proof before it of the effort that had been made to subpoena the witness.''

We are not required to pick out the witnesses whose absence from the jurisdiction was satisfactorily proven from those where a possible doubt might arise. It was the duty of the defendant's counsel to raise the question in regard to each witness. When counsel for the Commonwealth stated, ''I would like to read to the jury the notes of testimony, with reference to the notes taken by this stenographer,'' there was an objection made and the court overruled the objection and noted an exception. Then, for the purpose of explaining the offer, counsel for the Commonwealth continued: ''These notes of testimony are being read to you because the witnesses cannot be found for the Commonwealth, but we made an attempt to serve them as you heard the detectives testify on the stand; but they cannot be found and I have therefore asked permission of the court to read the testimony taken at the time of the magistrate's hearing where these defendants were present and represented by counsel and had an opportunity to cross-examine them as they were sworn by the magistrate and the testimony taken, I now seek to offer in lieu of the testimony of the witnesses who would have appeared on the stand if they could be found, but we couldn't find them and I offer this testimony.''

Counsel for the defendant, apparently not entirely satisfied with the statement that the witnesses could not be found, stated: ''I ask that the witnesses be called in the corridor.'' The witnesses were then called and the testimony of the witnesses taken at the

Magistrate's hearing, one after the other, without objection in any instance, was read.  After the Commonwealth rested, among other matters, the attorney for the defendants made the following motion, "I ask to strike out the testimony of the absent witnesses," which the court refused.

The defendant should have objected to the testimony of each witness when offered, for, as pointed out before, the preliminary proof as to some of them was undoubtedly good, while as to others, there may have been a question.  The court is not required to consider a blanket objection of this kind and sift out the competent from the incompetent testimony.  If the defendant counsel had wished to attack the sufficiency of the preliminary proof as to the absence of the witnesses from the jurisdiction as to any one of them, he should have made an objection to the admission of the testimony of that particular witness.  See Hamilton v. P., B. & L. E. R. Co., 194 Pa. 1; Com. v. Razmus, 210 Pa. 609.  This is the only orderly way of presenting such a matter and the one way that is fair to the court.

The second assignment is to the effect that when this testimony taken before the magistrate was produced, the stenographer had not properly qualified.  Reliance is based upon the case of Com. v. Bone, 64 Pa. Superior Ct. 44, where it was held to be error "to admit a transcript of the testimony of a witness at the preliminary hearing of the defendant before a justice of the peace, but absent at the trial, where it appears that the stenographer who took the testimony was merely a 'public stenographer' and not an official court stenographer, and there is no offer to prove either the qualifications or the ability of the stenographer."  That case does not govern this.  There may be so-called public stenographers who are not adapted to take court proceedings, but in the case before us there was proof that the stenographer, although not an

official stenographer, did do court reporting and was employed by the official stenographers to act in that capacity. This, we think, was sufficient to show ability. The second assignment is overruled. This disposes of all the questions raised in the appeal.

The judgment is affirmed and the record remitted to the court below and it is ordered that each of the defendants appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.