Raisch et al., Appellant, *v.* Cook.

Argued January 11, 1932.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Albert J. Williams,* for appellants.—An agent who acts for an undisclosed principal brings on himself all the consequences usually chargeable to persons acting in such capacity; he may be regarded and charged as the actual principal: Aber v. Penna. Co., 269 Pa. 384.

Ordinarily where the owner and purchaser of land are brought together and deal upon terms satisfactory to the owner, the broker has earned his commissions: Aber v. Penna. Co., 269 Pa. 384.

The execution of an agreement of sale was not necessary to complete plaintiffs' right to commission: Schamberg v. Kahn, 279 Pa. 477.

*Frank G. Perrin,* with him *Francis C. Menamin,* for appellee.—To entitle a broker to recover commissions, he must act in the utmost good faith toward the principal in the transaction; if he fails to so act he forfeits his commission: Johnson v. Nippert, 294 Pa. 464; Greene v. Hawtof, 87 Pa. Superior Ct. 479; Sarshik v. Fink, 292 Pa. 256; Lovett v. Goodman, 88 Pa. Superior Ct. 258; Com. v. Risser, 3 Pa. Superior Ct. 196.

The broker must divulge all facts within his knowledge: Wilkinson v. McCullough, 196 Pa. 205; McCaffrey v. Page, 20 Pa. Superior Ct. 400; Blade v. Snook, 204 Pa. 119; Tranter Co. v. Pittsburgh, etc., Co., 23 Pa. Superior Ct. 46.

The purchaser himself must be able to pay the price.

Fraud by the broker forfeits his right to commissions: Clark v. Hubbard, 44 Pa. Superior Ct. 37; Leace v. Christy, 28 Pa. Superior Ct. 507; Pratt v. Patterson, 12 Phila. 460; Wilkinson v. McCullough, 196 Pa. 205; Cannell v. Smith, 142 Pa. 25; Evans v. Rockett, 32 Pa. Superior Ct. 365.

Very little proof of concealment prevents recovery: Pratt v. Patterson, 112 Pa. 475; Millinger v. Hartupee, 53 Pa. 362; Wilkinson v. McCullough, 196 Pa. 205; Rice v. Davis, 136 Pa. 439; Greenblatt v. Fox, 59 Pa.

Superior Ct. 53; Lightcap v. Nicolo, 34 Pa. Superior Ct. 189; Johnson v. Nippert, 294 Pa. 464.

OPINION BY MR. JUSTICE SIMPSON, February 3, 1932:

Plaintiffs appeal from the judgment entered on a verdict for defendant. As a review of all the evidence favorable to them compels the conclusion that no other verdict could properly be sustained, there is no necessity for directly considering the several assignments of error.

Plaintiffs, who are real estate brokers, undertook to sell for defendant, who was then in California, a property located near their office in Delaware County, Pennsylvania. They submitted to him a proposition for its purchase, alleged to have been made to them by one Carr, who was a straw man, without even sufficient means to pay the hand money required. They say they did not know he was only a straw man, but they made no inquiries in regard to the matter, and their own evidence bristles with facts and circumstances showing this must have been his status, and that, as reasonable men, they should have known or at least strongly suspected it. When they submitted the proposition of purchase to defendant, they did not tell him of any of those facts and circumstances, nor that they had made no investigation regarding Carr's relation to the proposed purchase. When asked: "Didn't you think it was your duty to convey this information to him [defendant]?" the reply of the plaintiff who had charge of the transaction was: "I did, but as it was coming through Mr. Fox, and he was the man who wrote out the check, it didn't appear very important to me." Fox was one of the real purchasers, but that this was so, and that it was his check which paid the hand money, was not disclosed by plaintiffs to defendant. The sale was not consummated, but plaintiffs claim that they are entitled to their commissions merely because Carr's undisclosed principals were able and willing to make the cash payment required at

the settlement, though they did not assume any liability for the balance of the purchase money.

This is a gravely mistaken idea. That it was their contention is shown by the fact that, on the trial, it was said on their behalf that if "Mr. Carr who signed the agreement [of sale] had a source, or there was a source from which he could procure the money to make the settlement, it is immaterial whether he was a man of means or not." The law is the reverse of this, however, especially where, as here, the purchaser was to give a large mortgage, in this case one for $77,000, as part of the purchase price. Under such circumstances, it was important that defendant should be advised by plaintiffs whether or not he must look to the land alone as security for the payment of that sum, or had, in addition, the personal financial responsibility of the proposed purchaser: Wilkinson v. McCullough, 196 Pa. 205. A failure by a broker to advise his principal on this point will prevent him from recovering a commission for making the sale, even though it is an advantageous one, and is in fact consummated: Pratt v. Patterson's Executors, 112 Pa. 475; Cannell v. Smith, 142 Pa. 25; Greene v. Hawtof, 87 Pa. Superior Ct. 479.

It is conceded, of course, that if there was nothing more in the case than that plaintiffs did not know Carr was a straw man, they would not be deprived of their commissions because they did not tell defendant what they did not know (Greenblatt v. Fox, 59 Pa. Superior Ct. 53); but this does not excuse them from telling him what they did know: Rice v. Davis, 136 Pa. 439, 443; Sharshik v. Fink, 292 Pa. 256, 261; Mitchell v. Schreiner, 43 Pa. Superior Ct. 633, per RICE, P. J. As the jury did not believe them in the defense which they attempted, it is highly probable that, if called upon to determine whether or not they knew Carr was a straw man, it would have been decided that they did. Aside from this, however, it is clear to us, from the facts which plaintiffs admit they knew, that they certainly would

have investigated the matter if they had themselves been the vendors. This being so, the utmost good faith, which is always exacted of brokers towards their customers, required them to disclose to defendant the relevant facts and circumstances which they did know, in order that he might act advisedly on the question of accepting the offer of purchase. Yet all of those facts and circumstances were withheld from defendant, and hence the strict, unbending rule of uberrima fides, always applied in this class of cases, defeats their claim.

The judgment of the court below is affirmed.