Opinion by
 

 Keller, P. J.,
 

 This was an action of assumpsit brought by an at
 
 *598
 
 torney-at-law to recover the commission which the defendant had agreed to pay him if he procured a buyer for premises No. 1954 West Godfrey Avenue, Philadelphia, at the sale price of $3500, the commission to be paid if and when the sale was completed.
 

 A buyer ,was procured ,by him and an agreement of sale entered into on January 30, 19-39 by the terms of which $100 down money was paid and the balance, thirty-four hundred dollars, was to be paid in cash at settlement, which was to be completed within ninety days, when possession was to be given.
 

 It developed that the defendant was not the owner of the premises when the agreement was made. It was only the mortgagee in possession, and jiad to foreclose and obtain a title by sheriff’s sale before it could complete the settlement. This took until on or about June 8, 1939 when the deed was delivered and the purchase price was paid in full.
 

 In the meantime the defendant learned that the buyer named in the agreement was only a straw man. for one Cohen, the tenant in possession, who had employed plaintiff to purchase the property and- look after the settlement and who urged plaintiff to hurry up the settlement and completion of the sale. It learned too that Cohen was also paying plaintiff a commission for his services. It made no protest or objection to -completing the sale on the terms agreed upon after receiving this information, and, in fact, thereafter the parties agreed to an extension of the time of settlement from April 30 until defendant obtained title. However, during the interim, a claim for the commission was also made by a real estate agent named Bradley, who, purporting to represent Cohen, had offered defendant $3300 -for the property, which defendant had refused. Cohen denied that Bradley had represented him, and this plaintiff had no knowledge of the offer.
 

 On February 20, 1939, defendant’s attorney wrote
 
 *599
 
 plaintiff of Mr. Bradley’s claim for the commission, and again on March 10, 1939 wrote plaintiff that he would like to get the matter of commission adjusted between him and Mr. Bradley. In response to this the plaintiff called and after explaining matters was “assured that everything was all right,” and the settlement went through, as extended, on June 8, 1939, but plaintiff’s commission was not paid him then. On June 13 defendant’s attorney wrote plaintiff that defendant would retain the- commission until the respective claims to it were adjusted “either by decision of court or by agreement of the parties.” The plaintiff did not agree to this retention and on July 10,1939 brought this action. An action was also brought against defendant by Bradley, which resulted in the entry of a compulsory non-suit.
 

 The defense was based on the contention that the plaintiff had not shown that “utmost
 
 good-faith”
 
 — uber
 
 rima fides
 
 — which one is entitled to expect and receive from his agent; that plaintiff’s failure to disclose the real name of his client when the agreement of sale was entered into deprived him of his right to the commission ;
 
 [1]
 
 and that he could not ask for a commission from defendant if he was being paid one by the purchaser.
 
 [2]
 
 But the opinions in the cases cited in the supporting notes must be read in connection with the facts in those cases.
 

 The plaintiff in this case was not a real estate broker. He was a lawyer and the defendant understood that he
 
 *600
 
 was acting for a client. It did not engage plaintiff to act as its
 
 agent.
 
 The defendant fixed its own price for the property. It was willing to, sell it to any one who would pay $3500 cash for it and it offered plaintiff a commission of 5% if he would procure a purchaser at that price. As the consideration was to be paid in cash, the responsibility of the buyer for the purchase price above the earnest or down money was of little concern to the defendant. No personal bond of the purchaser was involved in the transaction. Plaintiff did nothing to depress the selling price or. to induce the defendant to accept a figure lower than the price it had named. The transaction was complicated by the fact that defendant was not the owner of the property which it had agreed to sell, and plaintiff’s client had need of his services to secure a good title promptly and availed himself of them. But in addition to, and of more weight than, all these matters is the fact that long before the time for settlement had arrived the defendant learned that Oohen was the real purchaser, and that plaintiff was acting for him and would receive a commission or compensation from him, and yet it made no protest, took no steps to rescind the agreement or to refuse plaintiff the commission it had agreed to pay him; but on the contrary, with knowledge of the facts, it procured an extension of the agreement until it could secure title by foreclosure of its mortgage and it afterwards recognized its liability to plaintiff for the agreed commission. Its only concern was its possible liability to Bradley, and with full knowledge of this possibility it did not annul or attempt to annul its contract with plaintiff, but instead secured an extension of the agreement in which it had agreed to compensate him by a commission, and ratified its contract with him. In view of all these circumstances, the decisions cited by appellant are not applicable and do not control this case. It is ruled rather by the principles announced in
 
 Fulton v. Walters,
 
 216
 
 *601
 
 Pa. 56, 64 A. 860;
 
 Sloan v.
 
 Miller, 282 Pa. 1, 127 A. 230;
 
 Mitchell v. Schreiner,
 
 43 Pa. Superior Ct. 633. See also,
 
 Sarshik v.
 
 Fink, 292 Pa. 256, 141 A. 39, in the last paragraph of page 261, where the court said: “There should be no question about the principal’s knowledge [that the agent is acting for the purchaser], and, where this is clearly shown, and, notwithstanding that knowledge, the parties, without protest, continued their negotiations, again agreeing to pay commissions, the contract will be sustained.”
 

 The trial judge — the case was tried without a jury— adopted the contention of the defendant and entered a finding for it, but pn .exceptions ,to ,the finding and to the failure of the trial judge to affirm plaintiff’s request for ¡a finding in his favor, the court in banc,
 
 the trial judge concurring,
 
 sustained the plaintiff’s exceptions, on the ground that the evidence did not support a finding of any conduct on the part of the plaintiff that would justify the withholding of the commission the defendant had agreed to pay; and entered judgment for the plaintiff for $187.25. See
 
 Darby v.
 
 Ventresca, 337 Pa. 220, 222, 10 A. 2d 389.
 

 The judgment is affirmed.
 

 [1]
 

 Pratt v. Patterson’s Exrs.,
 
 112 Pa. 475, 479, 3 A. 858;
 
 Wilkinson v. McCullough,
 
 196 Pa. 205, 208-9,
 
 46
 
 A. 357;
 
 Clark v. Hubbard,
 
 44 Pa. Superior Ct. 37, 40;
 
 Greene v. Hawtof,
 
 87 Pa. Superior Ct. 479, 482.
 

 [2]
 

 Everhart v. Searle,
 
 71 Pa. 256, 259;
 
 Cannell v. Smith,
 
 142 Pa. 25, 31, 21 A. 793;
 
 Finch v. Conrade’s Exr.,
 
 154 Pa. 326, 331, 26 A. 368;
 
 Johnson v. Nippert (No. 1),
 
 294 Pa. 464, 472, 144 A. 404;
 
 Raisch v. Cook,
 
 306 Pa. 208, 159 A. 170;
 
 Evans v. Rockett,
 
 32 Pa. Superior Ct. 365, 369;
 
 Lovett v. Goodman,
 
 88 Pa. Superior Ct. 258, 261.