Bashore *v.* Publix Shirt Corporation, Appellant.

Argued January 8, 1952. Before DREW, C. J., STERN, STEARNE, BELL, CHIDSEY and MUSMANNO, JJ.

*George R. Eves,* for appellant.

*Dawson H. Muth,* and *Body, Muth, Rhoda & Stoudt,* for appellees, were not heard.

OPINION PER CURIAM, March 24, 1952:

Plaintiffs, Norman M. Bashore and his wife, Helen M. Bashore, brought this action in trespass for the damage done to their restaurant building when the truck owned by defendant, Publix Shirt Corporation, crashed into the front of it. The jury returned a verdict of $6,070.53. After its motion for judgment n.o.v. was denied and judgment was entered on the verdict, defendant appealed.

Plaintiffs are the owners and operators of a restaurant located on the north side of Route 22 in Bethel

Township, Berks County. At that point Route 22 is a two-lane concrete highway running east and west. On December 19, 1949, defendant's truck was being operated in a westerly direction on this roadway. Plaintiffs adduced testimony to show that when the truck reached a point on the highway near plaintiffs' place of business, it left the highway, travelled through soft, muddy ground a distance of approximately ninety-seven feet, hit a parked car, then, without slowing down, struck the front of the restaurant, and proceeded into the building a distance of about fifteen feet. The collision demolished the building and caused extensive damage to its interior as well as to furnishings, fixtures and supplies. Plaintiffs also testified that after the accident, defendant's driver stated to them that he "must have got on the gas instead of the brakes."

On this evidence, it is clear that the jury properly could infer that the negligence of defendant was the proximate cause of this accident. Defendant's driver admittedly was in exclusive control and management of the truck, and the collision obviously was such that in the ordinary course of events would not happen when a motor vehicle is operated with due care. It is well settled that negligence may be inferred from the circumstances attending an accident: *Turek v. Pennsylvania R. R. Co.*, 361 Pa. 512, 64 A. 2d 779. This Court in this connection said, in *Commonwealth v. Montour Transport Co.*, 365 Pa. 72, 76, 73 A. 2d 659: "The facts pleaded by the plaintiff, when proven, will afford an inference of negligence that will carry the case to the jury; and the duty will then be upon the defendant to exculpate itself by *acceptable explanation* that the accident occurred through no fault of its own." (Italics added). See also *Shafer v. Lacock, Hawthorn & Co.*, 168 Pa. 497, 32 A. 44.

As a defense, defendant introduced testimony to the effect that a truck, travelling eastwardly on Route 22 swerved to avoid an oncoming car, brushed against defendant's truck, causing the latter vehicle to leave the highway and crash into plaintiffs' restaurant. It is the contention of defendant that even though there may be sufficient evidence in plaintiffs' case to take the question of defendant's negligence to the jury, nevertheless, since the testimony offered by defendant would indicate that the damage to plaintiffs' building was brought about through no fault of defendant's driver, the court below erred in refusing to enter judgment n.o.v. for defendant. With this contention we cannot agree. It was still a matter exclusively for the jury to determine the credibility of the witnesses and to ascertain, after considering all the evidence, whether or not plaintiffs had met the burden of proof that defendant's driver was negligent and that that negligence was the proximate cause of the damage to their building.

Even though the jury believed defendant's testimony that its truck was brushed by another vehicle causing the former vehicle to leave the highway, the fact that defendant's truck travelled a distance of ninety-seven feet from the roadway, without an apparent slackening of speed, ran into a parked car and crashed into plaintiffs' building with such terrific force as to demolish it, warranted the jury in finding that defendant's driver put his foot on the accelerator instead of on the brake and that his truck was out of control because of the driver's failure to act properly under the circumstances.

We are convinced that the learned court below did not err in refusing to enter judgment for defendant, notwithstanding the verdict.

Judgment affirmed.