Katz *v.* Montague, Appellant.

Argued March 23, 1956. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Carr, JJ.

*J. Webster Jones*, for appellant.

*Stanley M. Greenberg,* with him *Bernard S. Ochman,* for appellee.

OPINION BY WOODSIDE, J., July 17, 1956:

This action in trespass was brought by Betty Katz to recover damages for injuries sustained as a result of a collision between the automobile, in which she was riding, operated by additional defendant, Abraham Keller, and the automobile operated by defendant, Earlie Montague.

The case has been tried twice. The first trial resulted in a verdict for plaintiff against additional defendant in the amount of $5890.85, and in favor of the original defendant. A new trial was granted by the trial court in favor of plaintiff and additional defendant. On appeal this order was affirmed by the Supreme Court. *Katz v. Montague,* 380 Pa. 273, 276, 110 A. 2d 178 (1955).

At the second trial the jury found for plaintiff against both defendant and additional defendant, assessing the damages in the sum of $2500. Thereupon plaintiff filed a motion for a new trial which was granted by the court below on the grounds of inadequacy of verdict and error in refusing to admit plaintiff's offer of the transcript of the defendant's testimony taken at the first trial. The defendant filed a motion for judgment n.o.v. which was denied. Defendant appealed from the court's refusal to grant judgment n.o.v. in its favor.

When considering the motion for judgment n.o.v. we must view the evidence in the light most favorable to the plaintiff in whose favor the verdict was rendered. *Coradi v. Sterling Oil Co.,* 378 Pa. 68, 69, 70, 105 A. 2d 98 (1954).

Viewed in this light the evidence establishes that on the dry, clear afternoon of February 25, 1952, the

plaintiff was a passenger in an automobile operated west on Norris Street by Keller. The defendant, Montague, was driving his automobile south on Twenty-fifth Street, which intersects Norris Street at a right angle. The streets are both 26 feet wide with two way traffic. There were no traffic controls at the intersection.

The automobile in which plaintiff was riding stopped as it approached Twenty-fifth Street and then proceeded to cross the intersection. When it was half way across, the defendant's car struck it on its right side, pushed it across the street against a pole, and turned it over on its left side.

The additional defendant, who married the plaintiff between the time of the collision and the first trial, testified that he was driving at approximately 5 or 6 miles per hour across the intersection in second gear and did not see any cars approaching until he reached the middle of the intersection when he saw the defendant's car "about ten feet away" approaching him "at full speed." Although he attempted to get across the street as fast as he could his car was struck in the center of its right side by the front of the defendant's car.

For the following reasons, ably set forth by President Judge FRANCIS SHUNK BROWN, JR., in his opinion for the court below, we shall affirm its order.

"It is true that there was no testimony as to exactly how fast defendant's automobile was traveling. However, 'Excessive speed can always be shown by the circumstances.' Fitzpatrick v. Pralon Cleaners and Dyers, 129 Pa. Superior Ct. 437, 441. In the instant case, in addition to the testimony, there is in the record evidence in the form of photographs of the car in which plaintiff was riding, taken after the collision. These, together with the facts that the car was precipitated

across the street intersection and turned over, provided evidence that defendant's speed was excessive. Besides, there was proof that defendant's car was being driven down the center of the street and that it entered the intersection after additional defendant's car was already in it. The circumstances attending the accident, such as the point in the intersection where the collision occurred, the angle at which the cars met, and the force of the impact, were such as to afford an inference of negligence that required submission to a jury. Bashore v. Publix Shirt Corporation, 370 Pa. 142, 143; Moquin v. Mervine, 297 Pa. 79, 83-84.

"In any event, it would not have been proper to have entered judgment in defendant's favor notwithstanding the verdict against him because probatory evidence on the issue of his negligence was excluded at the trial. At the first trial, defendant was present and testified upon being called as a witness by additional defendant. After reviewing his testimony, the majority opinion of the Supreme Court concluded that 'This testimony would justify any jury in convicting [defendant] of negligence out of his own mouth.' Katz v. Montague, supra, 275. At the second trial, he was not present, and he could not be found in order to be subpoenaed and called as a witness by plaintiff or additional defendant. Evidence of his testimony at the first trial was offered, and was improperly excluded by the trial judge. 'Whenever any person has been examined as a witness in any civil proceeding before any tribunal of this commonwealth or conducted by virtue of its order or direction, if such witness afterwards die . . . or if he cannot be found, . . . and if the party against whom notes of the testimony of such witness are offered, had actual or constructive notice of the examination, and an opportunity to be present and examine or cross-examine,

properly proven notes of the examination of such witness shall be competent evidence in any civil issue which may exist at the time of his examination, or which may be afterwards formed between the same parties and involving the same subject-matter as that upon which such witness was so examined; . . . ' Act of May 23, 1887, P. L. 15, §9, 28 P.S. §327. Since the testimony offered was that of defendant himself at the first trial of this case, he cannot be heard to say that he did not have 'an opportunity to be present and examine or cross-examine.' As he came within the meaning of the statute as a witness who 'cannot be found,' the notes of his testimony at the former trial were 'competent evidence' at the subsequent trial.

"It has been held that 'the question of the sufficiency of the preliminary proof as to the absence of the witness is largely a matter of discretion with the lower court.' Commonwealth v. Dinatale, 93 Pa. Superior Ct. 508, 509; also Clark v. Hubbard, 44 Pa. Superior Ct. 37, 42. Upon proof of the efforts made to subpoena the witness, the lower court may admit the notes of testimony. Delahunt v. United Telephone & Telegraph Co., 215 Pa. 241, 249. It was within defendant's power to prevent the admission of such evidence by attending the trial himself, but his counsel stated: 'I told him it was not necessary for him to be here.' Plaintiff should not be deprived of a valuable part of her case because defendant deliberately chose to absent himself. Almar B. and L. Association v. Broad Street Trust Co., 116 Pa. Superior Ct. 465, 471. There was ample proof presented of repeated efforts to locate and subpoena defendant when it became apparent that he was not to be present at the second trial. Of course, his absence was not to be anticipated in view of the fact that he is a party to the action and was present at the first trial. His own

attorney said that he did not know where he was, that 'I made no effort to find him whatsoever.' It is in keeping with the proper administration of justice, in the search for the truth, and with fundamental fairness, to hold that defendant's prior testimony should have been admitted."

Order affirmed.