594

## Mallalieu-Golder, Inc., v. O'Neal

*Furst, McCormick, Muir, Lynn & Reeder*, for plaintiff.

*Frederick Y. Dietrick*, for defendants.

GREEVY, J., January 26, 1959.—This matter is before us on plaintiff's motion for judgment on the pleadings. In accordance with Pa. R. C. P. 1034, a motion for

judgment on the pleadings may be raised after the pleadings are closed but within such time as to not delay a trial. The effect of the motion is to cause the court to search the pleadings back to the complaint and then to enter judgment in a clear case where there are no issues of fact. See Boulton v. Starck, 369 Pa. 45; Vrabel v. Scholler, 369 Pa. 235.

The court is to construe the pleadings alone, drawing all the inferences and assuming all the concessions which would apply in the ruling on a demurrer. For the purpose of disposing of the motion the court will accept as true the averments in the answer and new matter which are well pleaded, material and relevant, and every reasonable inference arising therefrom.

The moving party admits for the purpose of the motion the truth of all the allegations of his adversary and the untruths of any of his own allegations which have been denied by his adversary. See Carey v. Lower Merion School District, 362 Pa. 310.

"We must accept as true all facts well pleaded and inferences reasonably deducible therefrom; and judgment should be entered only where it is clear that no meritorious legal defense is raised": Necho Coal Company v. Denise Coal Company, 387 Pa. 567, 568.

Applying the above principals the pleadings show that plaintiff and defendants entered into an exclusive listing agreement whereby plaintiff was to sell defendants' property for a commission of five percent, the agreement to extend for a minimum of four months and thereafter until terminated in writing, and that plaintiff was entitled to its commission if the property was sold within the four months period regardless of who made the sale. The property was sold within the period and plaintiff demanded its commission but defendants refused to pay on the grounds that plaintiff had breached its duty of loyalty and good faith to them "by failing and neglecting to adequately describe the desirable physical features of the property to said

prospects; by failing and neglecting to inform them (prospects) that the property was approved for FHA financing; by failing and neglecting to attempt to make an appointment to show them (prospects) the property; by failing and neglecting to show them or attempt to show them (prospects) the property; but on the contrary by making an appointment with them (prospects) to show and showing them another property in the same location and by attempting to induce them to purchase said other property to the injury of the Defendants."

Although plaintiff describes itself as being in the real estate brokerage business, upon the signing of the exclusive listing contract it became the agent of defendant. Agency is one of the chief characteristics of a broker. See Brown & Zortman Machinery Company v. Pittsburgh, 375 Pa. 250.

As such plaintiff owed the duty of loyalty and full performance to the best of its ability to defendants. Certainly if plaintiff failed to adequately advertise the property, and to make known other desirable features in an attempt to sell and if, when prospective purchasers inquired, plaintiff attempted to sell such buyers another property, this would constitute such disloyalty and breach of contract on its part as to forfeit its right to commission. See 2 A. L. I. Restatement of the Law of Agency § 469, p. 399.

A real estate broker owes to his principal the utmost good faith and cannot recover for his service if he has been guilty of any breach of that duty: Raisch v. Cook, 306 Pa. 208.

Since these matters are issues of fact and do present a meritorious legal defense the court makes the following

### Order

And now, January 26, 1959, motion for judgment on the pleadings is denied.