## The Wilson & Stokes Co. v. Miller

*Charles J. Conturso*, for plaintiff.

*Josephine Lippi Mullen*, for defendants.

BIESTER, P. J., February 4, 1960.—In this case plaintiff obtained a judgment against defendants before a justice of the peace, after which a transcript was filed in this court and fieri facias issued against defendants' real estate, which was subsequently sold at sheriff's sale. Thereafter defendants filed exceptions to the sale, to which plaintiff has filed preliminary objections.

Although the exceptions and the brief in support thereof were prepared by an attorney, not a member of this bar, no appearance was entered for defendants.

The exceptions are of such a frivolous and inconsequential nature that a discussion of them seriatim is not required. Most of them constitute a collateral attack upon the judgment itself and none of them alleges any irregularity in the execution or sale. This court having no power to open a judgment entered on the transcript of a justice of the peace (see Leslie v. Potts, 7 D. & C. 2d 464, and cases there cited) an oblique attack upon the sheriff's sale by alleging defects in the obtaining of the judgment is clearly without merit: Van Billiard v. Van Billiard, 10 Pa. C. C. 620; Brandes & Bros. v. Struphauer, 2 Chester 319.

True, there may be circumstances under which a judgment is void and for this reason, in a proper case, a sale may be set aside. See Mamlin v. Tener, 146 Pa. Superior Ct. 593. Citing this proposition, counsel for defendants argues that the judgment in the amount of $353.14 exceeded the statutory limitation and that the justice of the peace was without jurisdiction, apparently overlooking the fact that by the Act of December 9, 1955, P. L. 817, 42 PS §241, the jurisdictional amount was increased to $500.

There is a further averment that no affidavit of nonmilitary service was submitted, but this is erroneous as such an affidavit was, in fact, filed.

### Order

And now, to wit, February 11, 1960, the preliminary objections to the exceptions to the sheriff's sale are sustained and the exceptions dismissed at the cost of exceptants.