571 A.2d 417

**Candace CORL, Appellee,**

v.

**David KACMAR, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 8, 1990.

Filed Feb. 27, 1990.

James L. Nesser, Uniontown, for appellant.

Steve P. Leskinen, Uniontown, for appellee.

Before OLSZEWSKI, MONTEMURO and CERCONE, JJ.

OLSZEWSKI, Judge:

David Kacmar appeals from the trial court's order finding him to be the father of appellee's daughter and imposing support obligations upon him. Appellant provides two arguments on appeal: that the jury's finding of paternity was against the weight of the evidence, and that the trial court erred in refusing to admit notes of prior testimony by a witness who was unavailable for trial. We find no error; accordingly, we affirm.

The child in question was born in November 1981. According to appellee's testimony, appellee was dating Michael Andronok in and around February 1981. She engaged in sexual intercourse with him regularly. Around February 1981, their relationship was coming to an end. Appellee was in a bar one night and met appellant, a disk jockey. They met, engaged in sexual intercourse once, and did not meet again.

When appellee discovered her pregnancy, she assumed that Andronok was the father of the child; however, blood tests excluded the possibility of paternity. Appellee then concluded that appellant was the father, because she had not engaged in intercourse with any other man around the time of conception. Blood tests showed a 99.83 percent probability that appellant was the father of the child. He was 614 times more likely to produce the necessary genetic combination than a randomly chosen man of similar ethnic background.

Appellant, on the contrary, testified that he had never met appellee before she accused him of fathering her child. He denies engaging in sexual relations with appellee.

At trial, appellant wished to introduce notes of Michael Andronok's prior testimony. According to appellant, this testimony would have shown that appellee engaged in sexual relations with two other men. The trial court refused to admit the transcript because appellant had not shown that Andronok was unavailable for trial. The trial court found that appellant had not made sufficient efforts to obtain Andronok for trial.

We find that the verdict was not against the weight of the evidence. We further find that the trial court had the discretion to exclude notes of Andronok's prior testimony. Accordingly, we affirm the order of the trial court.

■ The verdict in this case was not against the weight of the evidence. In a civil paternity action, a plaintiff need only prove paternity by a preponderance of the evidence. *Commonwealth ex rel. Johnson v. Peake,* 272 Pa.Super. 340, 415 A.2d 1228 (1979). Appellee has shown that she had sexual intercourse with the appellant around the time that she became pregnant, and that the appellant is more likely to be the father than any other individual. This evidence is sufficient.

Appellant emphasizes the fact that appellee was not certain of the date upon which she engaged in intercourse with him. This fact is not important. The jury found appellee's testimony to be sufficiently credible. Their verdict is not so outrageous or arbitrary as to justify a new trial.

■ Appellant also argues that the trial court should have admitted notes of prior testimony by Michael Andronok, the appellee's former lover. Notes of prior testimony may be admitted where the witness is unavailable to testify at trial. 42 Pa.C.S.A. § 5934. A witness is "unavailable" if a party cannot locate him within the jurisdiction. The trial court has the discretion to determine the sufficiency of proof of unavailability. *Katz v. Montague,* 181 Pa.Super. 476, 124 A.2d 506 (1956).

The record in this case shows that appellant made very little effort to obtain Andronok for trial. Appellant's attor-

ney began his search for Andronok three days before trial began. He did not attempt to obtain a subpoena or a bench warrant. He simply made a few phone calls. The trial court acted within the scope of its discretion when it refused to admit the notes of testimony.

Order affirmed.